# A. C. PROUT
## *v.*
# THE PEOPLE *ex rel.* Miller, County Treasurer, etc.*

1. TAXES—*affidavit of collector.* Where the affidavit of the collector, on application for judgment against lands, omits to name taxes as due thereon,

* This and twelve other cases are considered in the same opinion.

but only mentions special assessments, it will be presumed that the taxes have been paid, in the absence of proof to the contrary; and the omission of the word " taxes" will not vitiate the affidavit.

2. SAME—*presumption in favor of judgment.* Where the record, in an application for judgment for a special assessment, shows the amount of such assessment and the costs and then a statement of the total amount, in the absence of proof to the contrary, it will be presumed, in favor of the judgment, that there were no other taxes or assessments unpaid against the land.

3. JURISDICTION—*finding as to due notice.* Where the court, in its judgment against real estate for special assessments, finds that due notice, as required by law, has been given of the application, this will afford *prima facie* evidence that the proper notice was given, and the absence of the notice from the record is not sufficient to rebut such finding.

4. SPECIAL ASSESSMENT—*consolidation of several into one.* The consolidation of several separate and distinct special assessments against various tracts of land into one proceeding, when reported for confirmation, when each lot of land appears only once in the rolls, does not invalidate the proceeding so as to defeat an application for judgment thereon. Even if this was error it could not be reached in a collateral proceeding.

APPEAL from the County Court of Cook county; the Hon. MARTIN R. M. WALLACE, Judge, presiding.

Mr. EDWARD ROBY, for the appellant.

Messrs. BENNETT, KRETZINGER & VEEDER, for the People.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

Each of these suits was an application made by the county treasurer of Cook county, for judgment and order of sale of land for the collection of a special assessment.

The county court overruled the objections made, and entered judgment, which judgment is brought to this court for revision.

All the questions raised upon these records are common to all the cases, with one exception. and the cases have been presented together. and will be considered in the same manner.

The first objection taken, that Cook county is not under township organization, and hence the application not made by

the right officer, is disposed of by the decision of this court heretofore made, that Cook county is under township organization.

The next objection is, that there is no affidavit made in conformity with section 190 of the general Revenue Law. (R. S. 1874, p. 869.) The requirement of the section is, that the collector shall make an affidavit which shall be, as nearly as may be, in the form, that the delinquent list reported by him "is a true and correct record of the delinquent lands and lots within the county of ——, upon which I have been unable to collect the taxes (and special assessments, interest and printers' fees, if any,) charged thereon, as required by law, for the year or years therein set forth; that said taxes now remain due and unpaid, as I verily believe."

The variance complained of in the affidavit as made is, the entire omission of the word " taxes," and the naming of " special assessments " only—stating only that the officer has been unable to collect the special assessment, and that it remains unpaid, instead of saying taxes and special assessment.

The form of affidavit prescribed by the statute is made adaptable to cases where the taxes and special assessments are both unpaid against the same lands, or taxes without special assessments if there are none, or special assessments where the taxes have been paid.

The lists in these cases do not include taxes, but only special assessments, therefore the affidavit is rightly confined to special assessments; taxes would have no proper place therein. Until the contrary is shown, as is not here, we may presume that the taxes have been paid, leaving only the special assessments for collection, as shown by the list.

It is further objected, as to each suit, that the suit is not, and does not profess to be, for the " total amount " due, or claimed to be due, upon the land.

It is said that the statute requires a detailed statement of the several taxes and special assessments claimed to be due, and also *the total amount due*, to be contained in the record of judgment; and that the advertisement is required to con-

tain a list of the delinquent lands and lots upon which the taxes or special assessments remain due, and *the total amount due thereon*—that there is provision for but one delinquent list in the year, but one advertisement and one application—that there should be in the year but one sale of any land for taxes and assessments. We do not perceive, from anything appearing in any of these records, that there has been any omission of the requirement, or violation of the purpose of the statute in the respects named.

The record shows the amount of the special assessment, and of the costs, and gives a statement of what is the *total amount*, it being composed of the assessment and costs. *Non constat* that such is not the " total amount due." The record does not disclose that there is any unpaid tax, or other special assessment, or that there has been or may be any other application of a like character, in respect of taxes or special assessments. Such is not to be presumed in order to annul the judgments; but the presumption should rather be, that there is no unpaid tax, or other special assessment, in support of the judgments.

It is also objected, that there is no notice of application for judgment.

The record contains the recital that counsel appeared in the cases and filed objections and that the objections were overruled, and that it appeared to the court, from evidence presented, that due notice, as required by law, had been given, of the applications for judgment. This court has frequently held that such finding of the court is *prima facie* evidence that the notice required by law had been given. The absence of the notice of application from the record is not sufficient to rebut such finding. *Turner et al.* v. *Jenkins*, 79 Ill. 228.

In the case of A. A. Rankin against The People, etc., a bill of exceptions was taken, which presents a question not common to the other cases.

The bill of exceptions shows that the commissioners for making the assessment, by virtue of the ordinance for the improvements, made forty distinct and separate assessments for forty distinct and separate improvements, in forty distinct and

independent assessment rolls, which rolls, after completion by the commissioners, were returned by them to the county court for confirmation, being united for convenience, and to save costs and expenses were consolidated under one application for confirmation, and confirmation made.

Upon this evidence the objector insisted that the order confirming the assessment was void, under the decision in the case of *Weckler* v. *The City of Chicago*, 61 Ill. 143. In the case at bar the ordinance contains forty distinct sections, each section providing for its own distinct improvement—the improvements being the laying of water pipes in different streets. There were forty districts, one named and described by each section of the ordinance. The districts, assessments, improvements and assessment rolls were all separate and distinct. They were directed to be made and returned into court the same as if there had been one complete ordinance for each district, improvement and assessment roll, instead of forty sections, each separate and distinct, in one ordinance. The same lot of land appears only once in all the assessment rolls. In the *Weckler case* it was quite different. It is there said, "This ordinance combines in one proceeding two improvements treated as one. * * The assessment is made as an entirety, for the purpose of defraying the costs and expenses of the improvement, regarding them not as distinct, but as one; and there is nothing in the proceedings from which it can be ascertained what portion of the alleged benefits was assessed against the lots in this block, for one or the other specified alleys, or for widening the entrance, but all are combined as an entirety." In the case at bar all was separate and distinct until the assessment rolls reached the court for confirmation, when they were united for convenience, and to save costs and expenses were consolidated under one application for confirmation. The objection which lay in the *Weckler case* does not exist here. And if there were error in the hearing on confirmation of all the assessment rolls at one time, which is by no means admitted, it would not render the order of confirmation void. The objection should have been raised

in the proceeding where the error was committed, and can not be heard in this collateral proceeding.

The judgments are affirmed.

*Judgments affirmed.*

Mr. JUSTICE DICKEY: I concur in the conclusion reached, but am not prepared to hold that where we have a full copy of the record before us, a mere recital in the record, of " due notice," will supply a want of *the notice* of record required by the statute; but in this case the transcript is not certified to be a *full* transcript of all the *record* applicable to these lands; the certificate is only that the same is a full copy of the papers *now* on file, and of all the *orders* made in the case by the county court. For aught that appears, the notice required by the statute may have been duly filed at the application for judgment, and yet may not have been among the files at the time of making the transcript, and the recital of " due notice " found in the record sustains this presumption.