CHARLES W. BOYNTON

*v.*

THE PEOPLE *ex rel.* Charles Kern.

*Filed at Ottawa January 15, 1895.*

1. SPECIAL ASSESSMENTS—*notice must be signed by all three commissioners.* The notice to property owners for application to confirm a special assessment, required by the City and Village act, if signed by only two of the commissioners, fails to give the court jurisdiction to confirm.

2. SAME—*appointment of commissioners must be proved by record.* The appointment of commissioners in a special assessment proceeding, as shown by the record, cannot be impeached by an affidavit of a person claiming that he was one of such commissioners.

3. SAME—*when want of jurisdiction to confirm may be set up.* A property owner may set up want of jurisdiction of the court to confirm an assessment, by reason of the failure of all the commissioners to sign the notice, in defense to an application for judgment against his property for delinquent taxes and assessments.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

This is an appeal from a judgment of the county court of Cook county, rendered on the application of the county collector, against the lands of Charles W. Boynton, appellant, for the amount of a special assessment ordered by the city of Chicago for the improvement of West Adams street, in said city. The assessment was made under the provisions of article 9 of the general Incorporation act, entitled "Cities, Villages and Towns."

It appears from the record that T. W. Vienar, H. J. Jordan and August Kowalski were appointed by the county court as commissioners to make and levy the assessment. Two of the commissioners appointed, H. J. Jordan and August Kowalski, and one W. F. Diener, mailed notices of the making and return of the assessment roll, which were in the form required by the statute, but which were signed by H. J. Jordan, August Kowalski and W. F. Diener, as commissioners. The

1895.]    BOYNTON v. THE PEOPLE.    67

notices, which were published and posted pursuant to
the statute, were signed in precisely the same manner,
W. F. Diener in both cases acting as commissioner.   All
of the notices required parties in interest to appear at
the January term of the county court, commencing on the
8th day of January, 1894.   It also appears that the affi-
davit of posting notices, which is required by the statute,
was not made by any one of the three commissioners
appointed by the court, but by W. F. Diener.   Upon the
return of the assessment roll, the county court, on Janu-
ary 10, 1894, entered a default as to the premises owned
by appellant, and confirmed the assessment.   On the
application for judgment the appellant objected, on the
ground that the notice was insufficient, on the applica-
tion to confirm the assessment, to give the court juris-
diction to enter a judgment of confirmation, and that the
order of confirmation was void.   The court overruled the
objection, and appellant appealed.

WILSON, MOORE & MCILVAINE, for appellant:

The statute contemplates that the commissioners, in
mailing notices to the owners and in posting and pub-
lishing the same, shall act jointly, and there is no pro-
vision that a majority or any two of the commissioners
may act.   *McChesney* v. *People*, 148 Ill. 224.

Proceedings to levy special assessments must strictly
comply with the statute under which they are brought,
and any deviation from the procedure laid down by the
legislature is fatal to the assessment.   *Chicago* v. *Wright*,
32 Ill. 192; *Scammon* v. *Chicago*, 40 id. 146; *Thorn* v. *West
Park Comrs.* 130 id. 594.

WILLIAM J. DONLIN, and HARRY RUBENS, Corporation
Counsel, for appellee:

When any judicial or official act is shown to have been
done in a manner substantially regular, it is presumed
that the formal requisites to its validity have been com-

plied with.  *Todemeir* v. *Aspinwall,* 43 Ill. 401 ; *Bank* v. *Dennis,* 37 id. 381 ; *Conwell* v. *Watkins,* 71 id. 488; *Lehmer* v. *People,* 80 id. 601; *Blake* v. *People,* 109 id. 516.

But the whole record in the special assessment proceeding was not presented, and therefore, in the absence of a complete record, this court is bound to indulge in every reasonable presumption in favor of the regularity of the proceedings of the court below.  *Gordon* v. *Gordon,* 25 Ill. App. 310; *Trustees* v. *Stoltz,* 26 id. 389; *Village of Melrose* v. *Bernard,* 126 Ill. 496.

Mr. JUSTICE CRAIG delivered the opinion of the court:

In *McChesney* v. *People ex rel.* 148 Ill. 221, where a notice required to be given the land owner of the application for a confirmation of the assessment was only signed by two of the commissioners, we held that the statute requires that the commissioners appointed to make a special assessment shall act jointly in giving notice of application for a confirmation of their assessment, and a notice signed by only two of the commissioners appointed, and a third person, of the application for confirmation, will fail to give jurisdiction to the court for that purpose, and the property holder may set up such want of jurisdiction in defense to the application for judgment.  The decision in that case is conclusive of the question presented by this record.  Here, W. F. Diener was never appointed commissioner to make the assessment, and he had no authority to act in that capacity, and his acts, whatever they were, are void.  It was the duty of the commissioners who were appointed by the court, to make the assessment and return the assessment roll to the county court, and it was also their duty to give the notices required by the statute of the application for confirmation of the assessment.  A stranger to the proceeding had no power to join in a notice.

But it is said that it appears from the commissioners' affidavit that W. F. Diener was appointed.  This is true;

but the record shows affirmatively the three persons whom the court appointed commissioners, and he was not one of them, and the appointment shown by the record can not be impeached by an affidavit of a person alleging that he was one of the commissioners. The record of the appointment is the only competent evidence of the fact.

Section 39 of chapter 24 of the statute provides: "It shall be the duty of the collector of special assessments, within such time as the city council or board of trustees may by ordinance provide, to make a report, in writing, to the general officer of the county authorized or to be designated by the general Revenue law of this State, to apply for judgment and sell lands for taxes, * * * of all the lands, town lots and real property on which he shall have been unable to collect special assessments, with the amount of special assessments due and unpaid thereon, together with his warrant. * * * Said report, when so made, shall be *prima facie* evidence that all the forms and requirements of the law in relation to making said return have been complied with, and that the special assessments mentioned in said report are due and unpaid. And upon the application for judgment upon such assessment, no defense or objection shall be made or heard which might have been interposed in the proceeding for the making of such assessment or the application for the confirmation thereof."

This section of the statute, it is claimed, precludes appellant from interposing the objection to the judgment of confirmation relied upon. We do not concur in that view. If appellant had been notified, as required by statute, of the application for confirmation of the assessment, and had failed to appear, the judgment would have been conclusive as to any question he might properly have raised on that application. But if he was not notified the court had no jurisdiction, and the judgment rendered could not be binding. The notice stands in lieu of process, and it is a familiar rule that a judgment rendered

without the service of process, in the absence of an appearance, is a nullity. As was said in the case cited: "The land owner, when notified by the commissioners, as provided by the statute, is bound to appear and make his defense, and if he fails, the judgment of confirmation will be conclusive on him, but he is under no obligation to pay any attention to a notice given by persons other than the commissioners who have been appointed to make the assessment."

The judgment of the county court will be reversed and the cause remanded.

*Reversed and remanded.*