| | |
|---|---|
| ·164 | 478 |
| 170 | 247 |
| 171 | 161 |
| ·171 | 377 |
| 172 | 573 |
| 173 | 42 |
| 173 | 592 |
| ·164 | 478 |
| 175 | 282 |
| 164 | 478 |
| 180 | 324 |
| 164 | 478 |
| 184 | 23 |
| 164 | 478 |
| 188 | 1539 |
| 164 | 478 |
| 189 | 1 84 |
| 164 | 478 |
| 200 | 2510 |
| 164 | 478 |
| 202 | 2 38 |
| 164 | 478 |
| 207 | 381 |
| 110a | 125 |
| 164 | 478 |
| 213 | 1369 |
| e214 | 397 |

KARL STEENBERG *et al.*

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Filed at Ottawa January 19, 1897.*

1. SPECIAL ASSESSMENTS—*mere insufficiency of ordinance no defense to application for judgment of sale.* Where a county court has jurisdiction to enter a judgment of confirmation, objections for mere insufficiency of the ordinance, not going to its validity, cannot be made collaterally, on application for judgment of sale.

2. SAME—*objection that improvement is misdescribed should be made to the confirmation.* An objection that an ordinance providing for the paving of a street misnamed a terminus of the improvement, while available if made on application for judgment of confirmation, comes too late on application for judgment of sale for the tax.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

DARROW, THOMAS & THOMPSON, for appellants.

JOHN D. ADAIR, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

There was a pioceeding by special assessment, in the county court of Cook county, for the curbing, grading and paving of a part of Mead street, in the city of Chicago, and by the judgment of that court the assessment against appellants' lots was confirmed. When application was made by the county collector for judgment of sale against the lots as delinquent, appellants appeared and filed objections, which were overruled and judgment was entered.

The objection relied upon in the county court and here is, that in the ordinance and all proceedings for the levy of the assessment, including the judgment of confirmation, there was a misnomer of the northern terminus of the improvement. The locality where the curbing, grading and paving were to be done was described as "Mead street, in the city of Chicago, from Fullerton avenue to Logan avenue, in said city of Chicago." There was no such street as Logan avenue intersecting Mead street. The improvement was in fact on Mead street from Fullerton avenue to a street running from the middle of Logan square across Mead street, and which had been called Humboldt avenue up to January 14, 1895, when it was named West Wrightwood avenue. The assessment was made for that improvement, and the work was about completed when the collector applied for the judgment.

It being conceded that the objection made would have been a good one if presented on the motion for confirmation of the assessment, the controversy is over the question whether it could be taken advantage of in the collateral proceeding for judgment of sale. That de-

pends on the question whether the county court had jurisdiction to take any action in the special assessment proceeding. If it had such jurisdiction its judgment against appellants' lots was of binding force, although there may have been some objection to the entry of judgment of confirmation which, if presented, would have been sustained. In such case the objection cannot be raised in the collateral proceeding. (*Prout* v. *People,* 83 Ill. 154; *Andrews* v. *People,* id. 529; *Gage* v. *Parker,* 103 id. 528; *Schertz* v. *People,* 105 id. 27; *Dickey* v. *People,* 160 id. 633.) On the other hand, if the county court acted without jurisdiction in entering its judgment of confirmation, that judgment would be void and could be successfully resisted anywhere. *Schertz* v. *People, supra; Boynton* v. *People,* 155 Ill. 66; *Culver* v. *People,* 161 id. 89.

The ordinance, affidavit of posting notices, certificate of publication, assessment roll and all proceedings were on their face proper and sufficient, and fulfilled every condition requisite in the law to confer jurisdiction on the county court. In such a case we cannot assent to the claim that the ordinance was a nullity, and the assessment and judgment of the county court void, because there was a misdescription of the improvement. Where an ordinance exceeds the power of the city council, or the necessary conditions for its enactment have not been observed, the ordinance will be void and no rights can grow up under it. But this ordinance is not of that character. The enactment of such an ordinance was within the corporate power, and there is no question of its lawful passage. The description of the locality where the improvement was to be made was defective, as appears by extraneous evidence, and for that reason an objection might have been sustained to the confirmation. The parties assessed were notified of the assessment against their property for the improvement specified in the ordinance, and if they wanted to object that the ordinance was insufficient because the northern terminus was wrong

or was uncertain, they should have made their objection on the application for judgment of confirmation. They would then have had an opportunity to prove the fact. The county court had jurisdiction to enter judgment of confirmation, and objections for mere insufficiency of the ordinance cannot be made by collateral attack on the application for judgment of sale. *Gage* v. *Parker, supra; People* v. *Green,* 158 Ill. 594.

The judgment of the county court is affirmed.

*Judgment affirmed.*