# H. H. WALKER *et al.*

*v.*

# THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Opinion filed December 22, 1897.*

1. SPECIAL ASSESSMENTS—*construction of connected system of sewers and drains is not a "double improvement."* An assessment ordinance is not invalid, as providing for a double improvement, because it provides for the construction of a connected system of drains and sewers along the various streets of the municipality, instead of being confined in its application to a single street.

2. SAME—*when ordinance is not void for uncertainty.* An ordinance providing for a connected system of drains and sewers, which specifies the various streets to be improved, the grade of the sewer in each street, its internal dimensions, materials of which it is to be constructed and the character of the work in detail, and which, in addition, expressly approves the plans, specifications, maps and profiles on file with the clerk is not void for uncertainty.

3. SAME—*when provision of ordinance in conflict with statute will not render the ordinance invalid.* A provision in an ordinance for street improvement by which the board of trustees reserve the right to reject "any proposal, at their discretion," is in conflict with section 50 of article 9 of the City and Village act. (Rev. Stat. 1874, p. 239.) But such provision will be regarded as nugatory and the ordinance valid where it does not appear that the board of trustees ever acted thereunder.

4. SAME—*objection that the oath administered to commissioners was defective must be made at confirmation.* An objection that the oath administered to the commissioners appointed to make the assessment was defective must be interposed at the application for confirmation, and comes too late on application for judgment of sale for the delinquent assessment.

5. SAME—*separate ordinance is not necessary to provide for division of assessment into installments.* An ordinance providing for the construction of an improvement to be paid for by special assessment may provide for the division of the assessment into installments. A separate, subsequent ordinance is not required.

6. SAME—*dismissal of petition as to part of property does not release all.* The fact that a city voluntarily dismisses a special assessment petition against particular lots, the owners of which appeared and filed objections to the confirmation, does not relieve the remaining lot owners who permitted the judgment to go by default from liability for the assessment.

7. SAME—*when objection comes too late.* An objection that by the dismissal of an assessment petition against part of the lots those remaining are assessed more than their proportionate share of the cost of the improvement, comes too late when first made on application for judgment of sale for the delinquent assessment.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

GEORGE H. TAYLOR, ALBERT MARTIN, and STEELE & ROBERTS, (F. W. YOUNG, of counsel,) for appellants.

WILLIS MELVILLE, (AMERICUS B. MELVILLE, of counsel,) for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an application by the county collector of Cook county for judgment against delinquent lands for a special assessment levied and assessed by the village of Grossdale for the construction of a connected system of drains and sewers in and along the streets and avenues of the village. The appellants, Henry Seiling, James Kunst, James Lang, H. H. Walker and George H. Taylor, among others, appeared in the county court and filed objections to judgment against certain lots owned by them. On the hearing the objections were overruled, and they appealed.

It is first contended by the appellants that the ordinance is invalid for the reason it provides for a double improvement. The ordinance providing for the improvement is as follows:

"An ordinance to establish, determine and define the nature, character, locality and description of a connected system of drains and sewers in and along the streets and avenues of the village of Grossdale, Cook county, State of Illinois, and to approve the plans, specifications, maps, profiles, drawings, etc., therefor, and to provide for the construction of said improvement.

"*Be it ordained by the President and Board of Trustees of the Village of Grossdale:*

"SECTION 1. That the nature, character, locality and description of a connected system of drains and sewers in and along the streets and avenues of the village of Grossdale be and the same are hereby established, determined and defined, and the plans, specifications, maps, profiles, drawings, etc., therefor, as herein contained and herewith and heretofore filed in the office of the village clerk of said village, are hereby approved.

"Sec. 2. That the location of such connected system of sewers is hereby established in and along the streets and avenues of said village, as follows: On and along a line fifteen feet west of and parallel with the east line of Burlington avenue, from its connection with the proposed sewer in Garfield avenue to a point four hundred and fifty feet north of the center line of Garfield avenue." (Then follows a long list of the streets and avenues in the village in and upon which sewers are to be constructed.)

If an incorporated city or village, in providing sewers and drains for the incorporation, is restricted, in the passage of an ordinance, to one street, and to that alone, then this ordinance would be invalid; but, on the other hand, if a city or village has the right, in one ordinance, to provide for a connected system of sewers and drains in and along the streets and avenues of the incorporation, whereby its various streets and avenues may be improved, then the ordinance in this case may be sustained. Here, as we understand the ordinance, the village undertook to establish by one ordinance a connected system of drains and sewers for the entire village. The improvement was in no sense a double improvement, but was a single improvement, extending over different streets in the village. A similar question was raised in *Prout* v. *People ex rel.* 83 Ill. 154, and *Payne* v. *Village of South Springfield,* 161 id. 285, and ordinances similar to the one here in question were sustained.

It is next contended that the ordinance is void for uncertainty. Upon an examination of the ordinance it will be found that it specifies the various streets in which the improvement shall be made. It gives the internal dimensions of the improvement, the grade of the sewer in each street, material of which it shall be constructed, and the character of the work in detail. In addition, the ordinance in express terms approves the plans, specifications, maps and profiles on file in the office of the village clerk. In view of the various specifications of the ordinance, in connection with the plans on file in the office of the clerk, the ordinance cannot be regarded as void for uncertainty.

It is also contended that the ordinance is void because it contains the following provision: "The board of trustees reserves the right to reject any proposal, at their discretion." Paragraph 164 of the City and Village act (Rev. Stat. p. 239) provides: "All contracts for the making of any public improvements, to be paid for, in whole or in part, by a special assessment, and any work or other public improvement when the expense thereof shall exceed $500, shall be let to the lowest responsible bidder, in the manner to be prescribed by ordinance." It is apparent that the section or clause of the ordinance is in conflict with the statute, and, being in conflict with the statute, it is nugatory. But it does not vitiate the balance of the ordinance. The clause in question may be rejected as being in conflict with the statute and leave the balance of the ordinance in force. If the board of trustees had ever acted under the section of the ordinance in question, and had rejected a bid made by the lowest responsible bidder, a different question might be presented; but, so far as appears, no action was ever taken by the board of trustees under the ordinance. A section of an ordinance similar to the one involved was before the court and condemned in *Lake Shore and Michigan Southern Railway Co.* v. *City of Chicago*, 144 Ill. 391, but in that case the judgment was reversed on other grounds.

It is next claimed that the commissioners appointed to make the assessment did not take the oath prescribed by the statute. The oath administered was as follows: "We, the undersigned commissioners, appointed, etc., do solemnly swear that we will a true and impartial assessment make of the cost of the said improvement upon the village of Grossdale, *or any* property benefited by said improvement, to the best of our ability and according to law." The oath conforms to the language of the statute, except the words "or any" are used before the word "property," when the words required should be "and the." If the objection interposed had been made on the application to confirm the assessment it might have been sustained; but on an application to confirm a special assessment, where the court has jurisdiction to render the judgment of confirmation, such judgment will conclude the land owner from questioning any of the proceedings had prior thereto in a subsequent application for judgment and order of sale of the premises. (*People* v. *Markley*, 166 Ill. 48.) Here the affidavit was defective, but the defect was not of such a character as to deprive the court of jurisdiction. In *Larson* v. *People ex rel.* (*ante*, p. 93,) it was expressly held that objection to a defective affidavit like the one in question must be made on the application to confirm the assessment, otherwise it will be regarded as waived.

It is next contended that the judgment is erroneous because it was provided by the ordinance under which the assessment was made, that the assessment should be divided into installments. Section 8 of the ordinance provided that said assessment shall be divided into and collected by installments, ten in number, in accordance with the provisions of an act of the General Assembly of the State of Illinois entitled "An act to authorize the division of special assessments in cities, towns and villages into installments," etc., approved June 17, 1893, in force July 1, 1893. The first section of the act referred to in

the ordinance is as follows: "That whenever the corpo-
rate authorities of any city, town or village have hereto-
fore levied or shall hereafter levy any special assessment
pursuant to law, it shall be lawful for such corporate
authorities, at any time prior to the commencing the col-
lection thereof, to provide by ordinance that said assess-
ment be divided into installments, not more than seven
in number, the first of which installments shall be due
and payable on and after confirmation thereof, and the
second installment one year thereafter, and so on until
all are paid; but such division shall be so made that the
first installment shall include all the fractional amounts,
leaving each of the remaining installments equal in
amount and multiples of one hundred dollars, which said
assessment and installments shall bear interest from and
after thirty days succeeding the date of confirmation, at
the same rate and be collected in like manner as is now
provided by law: *Provided,* that any special assessment
levied for building sewers and laying water mains may
in like manner be divided into not exceeding ten install-
ments."

Under this section of the statute it is claimed that the
village of Grossdale had no authority to divide the as-
sessment into installments by the ordinance which pro-
vided for the improvement, but that the village could
only do so by the passage of a separate ordinance after
the assessment had been levied and a judgment of con-
firmation had been rendered. While there may be some
doubt in regard to the meaning of the statute, we do
not regard the construction contended for as sound. We
think a fair construction of the language, "whenever the
corporate authorities of any city, town or village have
heretofore levied or shall hereafter levy any special as-
sessment," was intended by the legislature to mean merely
that whenever the corporate authorities have heretofore
determined or shall hereafter determine to levy any spe-
cial assessment, then they may provide, by ordinance,

for a division of the assessment into installments. If we are correct in this, then when the corporate authorities have determined to pass an ordinance, they may, as was done in this case, add a section dividing the assessment into installments. Nothing could be gained by waiting until the judgment should be confirmed before it was settled whether the tax-payer should be required to pay the entire assessment in one amount or whether it should be divided into installments. On the other hand, it would seem to be a much better practice to settle the matter when the ordinance for the improvement is passed, as was done here.

On the application for confirmation of the assessment it appears that the petition was dismissed as to some ninety-five lots which had severally been assessed by the commissioners, and it is claimed that as the petitioner voluntarily dismissed the petition as to these lots, and thus allowed them to escape the burden which had been placed upon them, the remaining lot owners cannot be held for the assessment. Under paragraph 144 of the City and Village act (Rev. Stat. p. 236,) any person interested in any real estate to be affected by the assessment may appear and file objections to the report of the commissioners. Paragraph 145 provides: "The hearing shall be conducted as in other cases at law, and if it shall appear that the premises of the objector are assessed more or less than they will be benefited, or more or less than their proportionate share of the cost of the improvement, the jury shall so find, and also find the amount for which such premises ought to be assessed, and judgment shall be rendered accordingly." Under paragraph 147 the court has authority, at any time before final judgment, to modify or change any assessment. If appellants' property was assessed more than it will be benefited or more or less than its proportionate share of the cost of the improvement, the proper place to raise that question and obtain the proper relief was in the

county court, on the application to confirm the assessment. So, also, if the dismissal of the petition as to ninety-five lots which had been assessed by the commissioners resulted in making appellants' assessment greater than their proportionate share of the cost of the improvement, the proper place to obtain relief was in the county court, or by an appeal from the judgment of confirmation, but no relief can be obtained on the application for judgment against appellants' lands.

The judgment of the county court will be affirmed.

*Judgment affirmed.*