AMANDA M. NICHOLES

*v.*

THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Opinion filed February 14, 1898.*

. SPECIAL ASSESSMENTS—*what not a valid objection on application for judgment of sale.* A mere inaccuracy in an ordinance in the description of one of the termini of the improvement, which may be cured by reference to the plat of the improvement attached to the petition for confirmation, is not a valid objection on application for judgment of sale for the unpaid assessment.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

DAVID G. ROBERTSON, for appellant.

CHARLES S. THORNTON, Corporation Counsel, and JOHN A. MAY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant, in this appeal from a judgment of sale for a delinquent special assessment, upon objections filed below, insists that the ordinance providing for the im-

provement and the special assessment is void, on the alleged ground that it did not specify the locality of the improvement.

The ordinance, after locating the improvement in the city of Chicago, in Cook county, provided "that a sidewalk seven feet in width be constructed on both sides of Twenty-third street, from Wabash avenue to I. C. R. R. street, adjoining the lot line, said walk to be constructed," etc. Proof was made that there was no such street in Chicago as "I. C. R. R. street," and the point is made that there was no such terminus of the part of Twenty-third street to be improved as specified in the ordinance, and that therefore the ordinance is void. The plat or map of the part of Twenty-third street to be improved, which was attached to the petition as an exhibit, was also given in evidence by the objector, and it was thereby made plain and certain what part of the street was to be so improved. Crossing Twenty-third street at right angles was Wabash avenue at one end of the plat, and at the other was an intersecting street marked "Lake Av.," and next to that, lines indicating a crossing, between which lines appear the words, "I. C. R. R. Right of Way." At most there was but an irregularity or lack of perfect accuracy in the ordinance in stating one of the termini of the sidewalk, which cannot be availed of in this collateral proceeding. It did not render the ordinance void. (*Steenberg* v. *People ex rel.* 164 Ill. 478.) If appellant desired to raise questions of this character she should have raised them at the hearing for confirmation of the special assessment.

The judgment is affirmed.          *Judgment affirmed.*