E. F. NAPIERALSKI, Appellee, *vs.* THE WEST CHICAGO
PARK COMMISSIONERS *et .al.*—(JOSEPH PONCAR, Appellant.)

*Opinion filed December 17, 1913.*

1. SPECIAL ASSESSMENTS—*lot should not be assessed as a whole if parts of it are owned in severalty.* If different portions of a single lot are owned in severalty it is contrary to the statute to assess the lot as an entirety, and an objection upon that ground to the judgment of confirmation would have to be sustained; but if the court had jurisdiction to confirm the assessment the objection cannot be made upon application for judgment and order of sale.

2. SAME—*a property owner is not entitled to more than one hearing.* Every property owner is entitled to a hearing before his property can be charged with a tax or special assessment, but he is not entitled to more than one hearing before a tribunal having jurisdiction to decide upon any objection he may have to the tax or assessment.

3. SAME—*application for judgment and order of sale is collateral to the confirmation proceeding.* The application for judgment and order of sale for a delinquent special assessment is collateral to the proceeding to confirm the assessment, and under section 66 of the Local Improvement act no objection which could have been urged in the confirmation proceeding, and no error not affecting the jurisdiction of the court to consider the petition for confirmation, can be urged as a defense upon application for judgment and order of sale.

4. SAME—*averment that property owner had no notice is not sufficient.* An averment in a cross-bill that the cross-complainant had no notice, actual or constructive, that his portion of a lot had been specially assessed, merely implies that he did not receive or see the notice, and is not equivalent to an averment that his name did not appear on the assessment roll or that no notice was mailed to him or posted or published, and is not sufficient to show that the court had no jurisdiction to confirm the assessment.

5. CONTRIBUTION—*when equity may compel defendant to contribute portion of special assessment.* A court of equity has jurisdiction of a bill by the owner in severalty of a portion of a lot against the owner in severalty of the other portion to compel contribution to discharge the lien of a special assessment against the whole lot, where the bill does not dispute the legality of the assessment and the taxing authorities consent that an equitable division of the charge against the lot shall be made by the court.

FARMER, J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

JOSEPH C. PISHA, and JONES, BRYANT, KERNER, RING & POSVIC, for appellant.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Emanuel F. Napieralski, the appellee, filed his bill in the circuit court of Cook county against the West Chicago Park Commissioners, the county collector and Joseph Poncar, alleging that in 1906 the West Chicago Park Commissioners levied a special assessment for the improvement of Marshall boulevard upon lot 27, block 3, of a certain subdivision, as one tract or parcel of land; that the lot was assessed $1048.21 and that the assessment was confirmed by the circuit court; that the west 96 feet was owned by Joseph Poncar; that the east 94¼ feet was owned by appellee and was acquired by him in 1908, after two installments of the assessment had become due; that Poncar had refused and neglected to pay the special assessment or any part thereof; that the park commissioners had turned the assessment over to the county collector for the purpose of selling the whole lot to realize the amount of the assessment, and that he was ready, willing and able to pay his fair and reasonable share of the assessment. He asked the court to determine the equitable proportion of the assessment which he should be required to pay, and prayed .for an injunction to restrain the park commissioners· from selling the whole lot to pay the assessment. Poncar answered, denying that he had refused or neglected to pay any of the special assessment, or any part thereof, legally levied against his premises, and averred that he was, and always had been, ready to pay his reasonable share and proportion of any special assessment aforesaid, and that his property

had been but little benefited by the improvement.   The
park commissioners answered that they had no objection
to the apportionment or division of the special assessment
among the several owners of the lot and expressly assented
thereto.   The bill was also answered by the county col-
lector, and the cause was referred to a special commis-
sioner of the court to take the evidence and report it, with
his conclusions.   Afterward Poncar filed his cross-bill, al-
leging that he became the owner of the west 96 feet of the
lot in December, 1904, and had been in actual possession
ever since; that at the time of the assessment the parts of
the lot were owned in severalty and the titles were shown
by the records; that he paid the general taxes on his part
of the lot for the year 1904, as appeared from the col-
lector's book, which fact would have been apparent to any
person examining the book, as required by the statute, and
that he had no notice, actual or constructive, of the as-
sessment, and no knowledge thereof until the filing of the
original bill in the case.   He stated that he was ready and
willing to pay any assessment properly assessed upon his
property and not in conjunction with the property of other
persons, and he prayed the court to set aside the assess-
ment, and the judgment confirming the same, as null and
void and to enjoin the county collector from selling the lot.
The cross-bill was demurred to by the park commissioners,
and the demurrer having been sustained, leave was given
to amend in five days, but no amendment being made,
the cross-bill was dismissed for want of equity.   The spe-
cial commissioner reported that by the system adopted in
spreading the assessment the portion assessed on that part
of the lot owned by Poncar, and which was his fair propor-
tion of the assessment, was $811.53, and the part owned by
appellee was assessed $236.68, which was the fair share of
the assessment against that part.   He recommended a de-
cree adjusting the equities accordingly, and the court, after
overruling the exception of Poncar to the report, entered a

decree in accordance with it.   From the decree Poncar has appealed.

The Local Improvement act provides that in levying any special assessment each lot, block and tract or parcel of land shall be assessed separately in the same manner as in assessment for general taxation, and that the assessment roll shall contain the name of the person who paid the taxes the previous calendar year, as ascertained upon investigation.   It was admitted by the demurrer that different parts of the lot were owned in severalty; that the titles were of record; that Poncar was in possession of his part of the lot, and that he paid taxes on his part for 1904, which was shown by the collector's book.   It was contrary to the direct provisions of the statute to assess the lot as a whole, and an objection to the confirmation of the assessment would necessarily have been sustained.   If, however, the circuit court had jurisdiction to confirm the assessment the objection could not be made on application of the county collector for a judgment and order of sale.   Every property owner is entitled to a hearing before his property is charged with a tax or special assessment, but he is not entitled to more than one hearing before a tribunal having jurisdiction to decide upon any objection he may have to the tax or assessment.   The application for judgment and order of sale is collateral to the judgment of confirmation, and is the means prescribed by the statute for enforcing the judgment and collecting the assessment.   (*Steenberg* v. *People,* 164 Ill. 478; *Gross* v. *People,* 172 id. 571; *Foster* v. *City of Alton,* 173 id. 587; *Glover* v. *People,* 188 id. 576.)   That rule was applied in a case exactly like this, where a lot owned in severalty by two persons was specially assessed in its entirety.   (*Thomson* v. *People,* 184 Ill. 17.)   Section 66 of the Local Improvement act also provides that no defense or objection shall be made or heard on the application for judgment which might have been interposed in the proceedings for the making of the

assessment or the application for confirmation, and no errors in the proceeding to confirm, not affecting the power of the court to entertain and consider the petition therefor, shall be deemed a defense to the application. The circuit court had jurisdiction of the subject matter, and the cross-bill did not allege that notices were not mailed, posted and published as required by the statute. Poncar averred that he had no notice of the assessment, either actual or constructive, but the most liberal construction of the averment would simply be that he did not receive or see the notice. If the statute was complied with it did not affect the jurisdiction of the court that the notice was not received or seen by Poncar. (*People* v. *Illinois Central Railroad Co.* 213 Ill. 367.) It cannot be gathered from the cross-bill whose name was given on the assessment roll as owner of the lot,—whether it was Poncar alone, or the owner or owners of the other part of the lot, or both. It was alleged that he paid the taxes the previous year, as shown by the collector's book; but that would not answer for an averment that his name did not appear on the assessment roll, or that a notice was not mailed to him or posted or published. If the cross-bill could have been considered as showing a want of jurisdiction in the circuit court, it would have shown that a successful defense could have been made to the application in the circuit court and that there was no reason for appealing to the court of equity. It did not show such want of jurisdiction nor set forth any equitable ground for relief against the judgment for confirmation. The court did not err in sustaining the demurrer and dismissing the cross-bill.

The original bill did not dispute the legality of the assessment but sought contribution from Poncar for the payment of as much as was equitably chargeable to his portion of the lot. That is one of the subjects of equitable jurisdiction. (*Farwell* v. *Becker,* 129 Ill. 261; 3 Pomeroy's Eq. Jur. sec. 1221; 38 Cyc. 52; 46 Am. & Eng. Ency. of

Law,—2d ed.—354.) It is a general doctrine of equity that where different parties are equitably bound to discharge portions of a lien the court will enforce contribution according to the equities of the several owners. There is no question in this case of any necessity that one owner should pay the whole charge and then seek contribution from the other, since the park commissioners expressly consented that an equitable division of the charge upon the lot should be made by the court. The several proportions of the assessment fixed by the court and charged against the different portions of the lot appear to us to be equitable and to be sustained by the evidence.

The decree is affirmed.                    *Decree affirmed.*

Mr. JUSTICE FARMER, dissenting:

The assessment of the lot as a whole was directly contrary to the plain command of the statute, and in my opinion was not a mere irregularity which was waived by not objecting to confirmation, but the assessment was void and the court was without jurisdiction to confirm it. (*Howe* v. *People,* 86 Ill. 288; *Biggins' Estate* v. *People,* 193 id. 601; *Hamilton* v. *Fond du Lac,* 25 Wis. 493; *Langlois* v. *Cameron,* 201 Ill. 301; Cooley on Taxation, 280, 734-736.) The duty of levying the assessment is conferred by statute upon certain officers specially designated and appointed for that purpose, and I do not think a court of equity has jurisdiction to assume the performance of said duties. *Crane* v. *Janesville,* 20 Wis. 305.