(No. 12086.—Reversed in part and remanded.)

THE PEOPLE ex rel. P. L. Dorris, County Collector, Appellant, vs. J. B. FORD et al. Appellees.

*Opinion filed October 27, 1919.*

1. TAXES—*ordinance for city taxes must specify purposes of appropriations.* The statute requires an ordinance for the levy of municipal taxes to specify in detail the purposes for which appropriations are made and the amount for each purpose, but it is proper to levy a single sum for distinct purposes which are embraced within the same general object.

2. SAME—*levies for water, electric light and police and fire departments are for separate purposes.* A city tax levy for water, for electric light and for police and fire departments is a levy for separate purposes not within the same general object and should be itemized in separate amounts for each purpose.

3. SAME—*what is collateral attack upon judgment of confirmation.* The levy of a tax is the means prescribed by the statute for enforcing a judgment of confirmation in a special taxation proceeding, and upon the county collector's application for judgment for city taxes an objection to an item of levy to pay the amount apportioned to the city in the judgment of confirmation is a collateral attack upon said judgment.

4. SPECIAL TAXATION—*judgment of confirmation cannot be collaterally attacked except for want of jurisdiction.* A judgment of confirmation in a special taxation proceeding cannot be collaterally attacked no matter how erroneous it may be, except where the court has no jurisdiction in the proceeding, and its judgment is a nullity.

5. SAME—*statute gives county court jurisdiction to determine every question relating to special tax.* Upon the filing of a petition in a special taxation proceeding the statute gives the county court jurisdiction to determine every question relating to the special tax and who or what property shall be charged with the tax.

6. SAME—*city may consent to make up deficiency and submit to judgment of confirmation.* Though an ordinance for a special tax provides that the entire cost of the improvement shall be borne by the property owners, yet where the property owners have secured such a reduction of the tax on their lots as to create a deficiency the city may consent to make up the deficiency on account of public benefits and submit to the judgment of confirmation to prevent abandonment of the improvement, where the benefit equals the cost.

7. JURISDICTION—*what is jurisdiction of subject matter.* The word "jurisdiction," as applied to courts, means authority conferred by law to hear and determine controversies concerning certain subjects, and jurisdiction of the subject matter is the power to hear and determine causes of the general class to which the proceedings in question belong.

8. MUNICIPAL CORPORATIONS—*judgment against a municipality binds the tax-payers.* A judgment against a municipality for an obligation is binding upon every citizen who is compelled to discharge the obligation, and every tax-payer is a real, though not a nominal, party to the judgment and cannot dispute its validity.

APPEAL from the County Court of Saline county; the Hon. J. M. ENDICOTT, Judge, presiding.

J. B. LEWIS, State's Attorney, (A. H. BAER, and W. F. SCOTT, of counsel,) for appellant.

W. C. KANE, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county collector of Saline county applied to the county court for judgment against property of the appellees delinquent for the taxes levied by the city of Harrisburg. The appellees objected to four items of the tax: (1) "For water and electric light $7000;" (2) "For police and fire department $3000;" (3) "For contingent expenses $1000;" (4) "For the purpose of paying $1010 principal and $290 interest, being the first installment on the amount due from the city as special benefits accruing to said city by reason of Jackson street paving district, in said city." The court sustained objections to these items and refused judgment.

The statute requires a city council, in an ordinance for the levy of municipal taxes, to specify in detail the purposes for which appropriations are made and the amount appropriated for each purpose. (*Cincinnati, Indianapolis and*

*Western Railway Co.* v. *People,* 207 Ill. 566; *People* v.
*Fenton and Thomson Railroad Co.* 252 id. 372.)    It is
proper to levy a single sum for distinct purposes if they
are embraced within the same general object, but not other-
wise.    The levy for water and electric light and the levy for
police and fire department were each of them for separate
purposes not within a single general object, and the ruling
of the court concerning those items was correct.    (*People*
v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.*
231 Ill. 209; *People* v. *Ross,* 272 id. 63.)    It is conceded
by counsel for appellant that the item for contingent ex-
penses was improper and the objection properly sustained,
which disposes of the first three items.

The remaining item of $1300, being $1010 principal
and $290 interest, was for public benefits adjudged by the
county court against the city to pay for the cost of paving
streets in the city.    The estimated cost of the improvement
was $130,646.85, and the ordinance provided that the whole
cost, including $7395, the estimated cost of making, levy-
ing and collecting the tax, should be paid by special taxation
to be levied upon the property contiguous to the improve-
ment in proportion to frontage.    The city filed a petition
in the county court praying for the levy of the special tax
in accordance with the provision of the ordinance.    Prop-
erty owners appeared and objected that their property had
been taxed more than it would be benefited, and upon a
trial by jury a verdict was returned reducing the tax on a
great many pieces of property.    The reductions amounted
to $9617.18, so that the total tax was that much less than
the estimated cost of the improvement.    The court there-
upon found that the city would be benefited to the amount
of the deficiency as public benefits and assessed the same
against the city, and the city moved for the confirmation
of the special tax as changed, altered or amended by the
orders of the court.    Judgment of confirmation of the spe-
cial tax was thereupon entered, and it was stipulated on

the trial of the case that the improvement was constructed by the city and completed in pursuance of the ordinance and that the completion and cost were certified to the court and confirmed prior to the application for judgment.

The levy of a tax is the means prescribed by the statute for enforcing a judgment of confirmation and collecting the tax, and the objection of the appellees was a collateral attack upon the judgment of confirmation. (*Steenberg* v. *People,* 164 Ill. 478; *Gross* v. *People,* 172 id. 571; *Foster* v. *City of Alton,* 173 id. 587; *Glover* v. *People,* 188 id. 576; *Napieralski* v. *West Chicago Park Comrs.* 260 id. 628.) The judgment of confirmation, therefore, could only be attacked on the ground that the county court was without jurisdiction, so that its judgment would be a nullity, conferring no rights and affording no protection. If the county court, upon the application for the confirmation of the special tax, was without jurisdiction to hear and determine whether a part of the costs of the improvement should be paid by the city, the judgment could be attacked at any time by anyone. (*Haywood* v. *Collins,* 60 Ill. 328; *Miller* v. *Rowan,* 251 id. 344.) If, however, the court had jurisdiction to act concerning the subject matter, the judgment could not be collaterally attacked no matter how erroneous it might be. (*People* v. *Seelye,* 146 Ill. 189; *Leitch* v. *People,* 183 id. 569; *Perisho* v. *People,* 185 id. 334; *Martin* v. *McCall,* 247 id. 484; *Donner* v. *Highway Comrs.* 278 id. 189.) The word "jurisdiction" has frequently been used in a general sense, without regard to its exact meaning, and has been applied not only to courts but to modes of procedure and authority of boards, legislative bodies or other agents authorized to act upon a certain subject. (*Sumner* v. *Village of Milford,* 214 Ill. 388.) As applied to courts, jurisdiction is authority conferred by law to hear and determine controversies concerning certain subjects. Jurisdiction of the subject matter is the power to hear and determine causes of the general class to which the proceedings

in question belong. (*People* v. *Harper,* 244 Ill. 121; *Kusak* v. *Anderson,* 267 id. 609.) As applied to a particular controversy, jurisdiction is the power to hear and determine that controversy. (*People* v. *Talmadge,* 194 Ill. 67.) What shall be adjudged between the parties is the exercise of jurisdiction, and with respect to the confirmation of a special tax, jurisdiction is conferred by the statute, and jurisdiction of the particular case here involved was acquired by the filing of the petition by the city. A petition being filed, the county court had jurisdiction to determine every question relating to the special tax and who or what property should be charged with it. One of the questions was the apportionment of the cost as between the city and the property, and the city council had acted in respect to that question by providing that the whole cost should be charged against property. It has been decided in a great many cases that owners of property upon which a special tax is levied cannot object that no part of the cost of the improvement has been apportioned to the municipality for public benefits but the determination of the city authority upon that question is conclusive. (*City of Jacksonville* v. *Hamill,* 178 Ill. 235; *Birket* v. *City of Peoria,* 185 id. 369; *City of Peru* v. *Bartels,* 214 id. 515; *City of East St. Louis* v. *Illinois Central Railroad Co.* 238 id. 296; *City of Ottawa* v. *Colwell,* 260 id. 548; *City of Watseka* v. *Orebaugh,* 266 id. 579.) These decisions have resulted from a construction of the Local Improvement act and have not been based on any want of jurisdiction to construe the act. If property owners, on objection, secure a reduction of the tax on their lots so as to create a deficiency, unless the city may consent to make up the deficiency on account of public benefits the improvement must be abandoned. (*Kuehner* v. *City of Freeport,* 143 Ill. 92.) It has never been held that a municipality may not give such consent and proceed with an improvement which it has been found will be a benefit equal to its total cost. Assuming for this ·

decision that the determination whether the city should pay any part of the cost of this improvement was for the city, the tax being reduced so as to create a deficiency, it would have been impossible to confirm a tax which would not pay for the improvement. The city had asked the court to confirm the tax and moved the court to confirm it as altered, changed and amended and proceeded to make the improvement. There was express consent, ratified and confirmed by proceeding to make the improvement in pursuance of the judgment. The cost was divided into ten installments and bonds were issued by the city, and the city would not now be heard, as against the holders of bonds, to assert error in the judgment. Courts would be an object of derision if they should say that they would compel the city to fulfill its obligation by levying and collecting a tax but the tax-payers could successfully obstruct and defeat collection of the tax for the payment of the obligation. A judgment against a municipality for an obligation is binding upon every citizen who is compelled to discharge the obligation, and every tax-payer is a real, though not a nominal, party to the judgment and cannot dispute its validity. Freeman on Judgments, (3d ed.) 178; *Harmon* v. *Auditor of Public Accounts,* 123 Ill. 122; *County of DeWitt* v. *Leeper,* 209 id. 133; *North Fork Drainage District* v. *Rector Special Drainage District,* 266 id. 536.

The court erred in sustaining the objection to the tax to pay the installment due from the city.

The judgment of the county court is reversed as to the tax for principal and interest for the city's share of the cost of the improvement and the cause is remanded to the county court, with directions to overrule the objection to that item and to render judgment accordingly. In all other respects the judgment of the county court is affirmed.

*Reversed in part and remanded, with directions.*