The People of the State of Illinois ex rel. Herman A. Baumgarten, Plaintiff in Error, v. Louis Krueger and Amanda Krueger, Defendants in Error.

Gen. No. 33,247.

Opinion filed May 29, 1929.

COHEN, O'CONNOR & SHANOK, for plaintiff in error; SEYMOUR N. COHEN, of counsel.

WINSTON, STRAWN & SHAW, for defendants in error; JOHN C. SLADE, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

Writ of error to review an order of the circuit court of January 24, 1928, dismissing a petition for a writ of habeas corpus instituted for the purpose of obtaining the custody of a minor child.

Petitioner, Herman A. Baumgarten, was the father of the child and the defendants, Louis Krueger and Amanda Krueger, defended on the ground that they were the adoptive parents under a decree entered in the county court of Cook county.

From the record it appears that the petitioner and the mother of the child were married May 21, 1913, in Chicago, and, at the time war was declared, were residing in Mexico. Petitioner, being a German citizen, was not permitted to return to this country, but the wife returned to this State and took up her residence in Illinois. The child was born in Chicago, June 5, 1918. In the year 1919, the wife filed her bill for divorce in DuPage county and on October 23, 1920, was granted a decree of divorce on the ground of cruelty and granted the custody and control of the

minor child. The wife of petitioner died on or about January 26, 1926, leaving a will appointing the defendants the child's guardians. It appears from the record that the said defendants have cared for the child since the time of the mother's death and for several years prior thereto. Petitioner at no time saw the child nor contributed to its support until on or about 1927, but states as his reason that he was, during this time, a citizen of Germany and unable to ascertain the whereabouts of his child and permitted to remain in this country for only a limited period of time on account of the existing laws in force in the United States.

A decree was entered in the county court of Cook county on or about March 3, 1926, creating the defendants the adoptive parents of the child. October 27, 1927, petitioner filed in the county court his motion to vacate the adoptive decree, and on November 15, 1927, the motion was sustained and the decree vacated and set aside and the petition filed therein dismissed. November 8, 1927, defendants filed a second petition in the county court of Cook county, praying that they be granted leave to adopt the child and stating, in said petition, as follows:

"That the cause for adoption of said child is abandonment of the child and desertion of the child for more than six months next preceding the filing of this petition."

The petition contained a further allegation in regard to the father and mother as follows:

"Father, Herman August Baumgarten, Residence, Heisingen, Republic of Germany.

"Mother, Wanda Obertynska Baumgarten, Residence, Deceased."

Process was served upon petitioner personally in Chicago. Thereupon a motion was made by him to quash the service and it was accordingly quashed. November 17, 1927, an order of court was entered granting leave to the defendants to amend their peti-

tion in the county court for the purpose of showing that the plaintiff in said proceedings was a resident of Heisingen, Republic of Germany, and for leave to publish for service. Petitioner thereupon filed a general appearance in said proceeding and an answer in which, among other things, he denied that he ever abandoned or deserted said child or its mother.

A full hearing was had in the county court upon this second petition, as amended, and the court found in its decree that it had jurisdiction of the parties and the subject matter and that the petitioner herein, de-, fendant in said proceeding in the county court, had been guilty of abandonment of said child and had deserted same for more than six months next preceding the filing of the petition in said cause and for said reason was unfit to have its possession. The decree further found that the child was represented in said proceeding by a duly appointed guardian *ad litem* who consented to the adoption of said child by the said Louis Krueger and Amanda Krueger, his wife; further that the said parties were able to furnish suitable surroundings for the minor child and that it was to its best interests that said adoption should be made.

One question, and but one question only, appears to be presented for our consideration, namely, Did the county court of Cook county, at the time of the entry of its decree, entered December 23, 1927, awarding the child to the defendants, have jurisdiction of the subject matter of the action?

It is insisted that the cause of action was unknown to the common law and is a purely statutory proceeding and, therefore, the proceeding must be closely scanned and the petition for adoption must show all the facts necessary to authorize the court to act, citing: *Hook v. Wright,* 329 Ill. 299; *Keal v. Rhydderck,* 317 Ill. 231; *Rabbitt v. Weber & Co.,* 297 Ill. 491, and other cases.

It is insisted among other things that the petition filed in said cause is faulty, in that it fails to charge the father with abandoning or deserting the child, but contains only a general allegation that the child was abandoned and deserted. In view of the fact that the father filed his answer in said cause, denying that he had abandoned or deserted the child, and the proceeding was tried on this issue, and the decree found that he had, in fact, deserted and abandoned said child for the statutory period of time, we do not believe that there is any good or valid reason for disturbing the decree on this ground. *In re Bohn's Estate,* 308 Ill. 214.

It is also urged for our consideration that the petition was faulty in that it failed to state the address of the father and reliance is placed upon the case of *Hook v. Wright,* 329 Ill. 299. In that case the allegation in regard to the residence of the father was that he was a resident of the State of Michigan. The instant case, however, was decided under the Act of 1874, Cahill's St. ch. 4, ¶ 2, which required the residence to be stated "so far as the same are known to such petitioner." Moreover, it does not appear that this argument should carry any considerable weight because of the fact that the father in the proceeding in the county court in the case at bar entered his appearance and defended. The proceeding in the case cited by petitioner was a collateral proceeding, wherein it was deemed important because of the fact that it did not appear from the petition that the father had had an opportunity to appear and defend by reason of defective service.

It is also insisted that the court erred in permitting an amendment to be made to the petition for adoption in regard to the residence of the defendant for the purpose of curing the process, but we are of the opinion that this was an irregularity and that, in view of

the fact that the defendant answered the petition, as amended, that it was waived.

The statute, Cahill's St. ch. 4, ¶ 1 *et seq.*, gives the right to the county court to hear petitions of adoption of children and, while it is true as a matter of law, that the statute should be strictly followed, nevertheless, in other cases, these irregularities may be waived by a general appearance and thereupon the only question for consideration is whether or not the county court in the present instance had jurisdiction of the subject matter.

The Supreme Court of this State in the case of *People v. Ford,* 289 Ill. 550, in speaking of a statute concerning the right to levy a tax for the purpose of enforcing a judgment of confirmation and collecting the tax which is also a right created by statute, in its opinion says:

"The levy of a tax is the means prescribed by the statute for enforcing a judgment of confirmation and collecting the tax, and the objection of the appellees was a collateral attack upon the judgment of confirmation. (*Steenberg v. People,* 164 Ill. 478; *Gross v. People,* 172 id. 571; *Foster v. City of Alton,* 173 id. 587; *Glover v. People,* 188 id. 576; *Napieralski v. West Chicago Park Comrs.,* 260 id. 628.) The judgment of confirmation, therefore, could only be attacked on the ground that the county court was without jurisdiction, so that its judgment would be a nullity, conferring no rights and affording no protection. If the county court, upon the application for the confirmation of the special tax, was without jurisdiction to hear and determine whether a part of the costs of the improvement should be paid by the city, the judgment could be attacked at any time by anyone. (*Haywood v. Collins,* 60 Ill. 328; *Miller v. Rowan,* 251 id. 344.) If, however, the court had jurisdiction to act concerning the subject matter, the judgment could not be collaterally attacked

no matter how erroneous it might be. (*People v. Seelye*, 146 Ill. 189; *Leitch v. People*, 183 id. 569; *Perisho v. People*, 185 id. 334; *Martin v. McCall*, 247 id. 484; *Donner v. Highway Comrs.*, 278 id. 189.) The word 'jurisdiction' has frequently been used in a general sense, without regard to its exact meaning, and has been applied not only to courts but to modes of procedure and authority of boards, legislative bodies or other agents authorized to act upon a certain subject. (*Sumner v. Village of Milford*, 214 Ill. 388.) As applied to courts, jurisdiction is authority conferred by law to hear and determine controversies concerning certain subjects. Jurisdiction of the subject matter is the power to hear and determine causes of the general class to which the proceedings in question belong. (*People v. Harper*, 244 Ill. 121; *Kuzak v. Anderson*, 267 id. 609.) As applied to a particular controversy, jurisdiction is the power to hear and determine that controversy. (*People v. Talmadge*, 194 Ill. 67.) What shall be adjudged between the parties is the exercise of jurisdiction, and with respect to the confirmation of a special tax, jurisdiction is conferred by the statute, and jurisdiction of the particular case here involved was acquired by the filing of the petition by the city. A petition being filed, the county court had jurisdiction to determine every question relating to the special tax and who or what property should be charged with it.''

In the case at bar, upon the filing of the petition, the court had jurisdiction of the subject matter and, after the entry of the general appearance by petitioner, also obtained jurisdiction of the person. Irregularities in such a proceeding may be waived and, when not insisted upon, cannot be urged for reversal by a party to that proceeding who entered a general appearance and participated in the trial. The irregularities were procedural and did not affect the question of jurisdiction of the subject matter. *Smith v. Herdlicka*, 323 Ill. 585.

The child in the case was born in Illinois and a ward of the State and, while courts should be careful in the awarding of the custody of an infant where rights of parents are involved, nevertheless, it is frequently necessary that it be done. A substantial compliance with the provisions of the statute, Cahill's St., ch. 4, ¶ 1 *et seq.,* should be observed, rather than a narrow and technical construction followed, which in the end would defeat the intention of the statute.

The Supreme Court of this State in the case of *Hopkins v. Gifford,* 309 Ill. 363, in its opinion says:

"The adoption of friendless, dependent or orphan children tends to conserve the best interests of society and the State. All States of the Union now have adoption statutes. The right of adoption is not only beneficial to those immediately concerned, but likewise to the public. It is not the duty of courts to bring the judicial microscope to bear upon such a case in order that every slight defect may be magnified, so that a reason may be found for declaring invalid the proceedings under a beneficient statute of this character. Courts are more inclined to abandon the old rule of strict construction and to place a fair and reasonable construction on adoption statutes, to the end that the adoption may be upheld and the assumed relationship sustained. There must be a substantial compliance with the provisions of statutes conferring jurisdiction, but the construction of such statutes is not to be so narrow or technical as to defeat the intention of the acts or the beneficial results where all material provisions of the statutes have been complied with. (*Kennedy v. Borah,* 226 Ill. 243; *Flannigan v. Howard,* 200 id. 396; 1 Corpus Juris, 1373.)"

To the same effect was *People v. Cole,* 322 Ill. 95; *People v. Fahey,* 230 Ill. App. 143; *In re Bohn's Estate,* 308 Ill. 214.

From our view of the record and the proceedings, we are of the opinion that the county court of Cook

county had jurisdiction of the subject matter and of the person of the petitioner Baumgarten at the time of the entry of the decree on December 23, 1927, and that the order of the circuit court of Cook county, entered January 24, 1928, finding that the adoption proceedings were substantially in accordance with the statute and dismissing the writ of habeas corpus was correct.

For the reasons stated in this opinion the order of the circuit court of Cook county, dismissing the writ of habeas corpus, is affirmed.

*Order affirmed.*

HOLDOM, P. J., and RYNER, J., concur.