WILLIAM G. WELD

*v.*

THE PEOPLE *ex rel.* Kern, Collector.

*Filed at Ottawa March 31, 1894.*

1. SPECIAL TAXATION—*adopting ordinance after making the improvement.* Under the act approved April 13, 1875, entitled "An act to provide additional means for the construction of sidewalks in cities, towns and villages," a special tax can not be levied and collected to pay for a sidewalk by virtue of an ordinance adopted after the walk has been built.

2. LOCAL IMPROVEMENT—*re-assessment—payment of contractor.* By the act of 1875, relating to sidewalks, no re-assessment is provided for, and there is no provision for letting the contract for a local improvement and confining the contractor to the assessment for payment, as under article 9 of the City and Village act.

3. SAME—*publication of ordinance.* An ordinance under the act of 1875, not published as therein provided, can not form the basis of a proceeding to levy and collect a special tax for the payment of the cost of building a sidewalk.

17—149 ILL.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

Mr. WILLIAM ELIOT FURNESS, for the appellant.

Mr. LYNDEN A. SEYMOUR, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This is an appeal from a judgment rendered by the county court of Cook county, for a special tax levied by the village of Norwood Park, under the provisions of the act approved April 15, 1875, entitled "An act to provide additional means for the construction of sidewalks in cities, towns and villages." (1 Starr & Curtis, 541.) The application for judgment was based upon a report of the village clerk, claimed to be in conformity with section 4 of that act. The ordinance accompanying the report was adopted in December, 1892. It states, by way of preamble, that an ordinance for a sidewalk had been passed January 4, 1892, and the walk constructed in pursuance thereof, but that, owing to defects in the proceedings under that ordinance, the tax levied could not be collected, concluding, "and whereas, a supplemental special taxation has become necessary to collect said cost, therefore be it ordained." Then follows an ordinance complete in itself, ordering the sidewalk to be constructed, describing the material, width of the walk and manner in which it shall be laid, and providing that the owners of the lots touching the same shall construct it within thirty days after the posting of the ordinance, and that in case of their default the village authorities should do so, and the cost be paid by special taxation.

Appellant filed several objections to the application for judgment, but they are in effect all included in the first, viz.: "It appears by said ordinance on which such special tax is founded, and is a fact, that the sidewalk for which said special tax is levied was constructed long before said ordinance was passed by said village authorities."

Upon the trial, counsel for the relator first asked leave to attach to the clerk's report the old ordinance, but that request being denied, he offered it in evidence, and the court overruled appellant's objection to its competency and admitted it. One ground of objection to that ordinance as evidence in the case was, that it had never been posted, and the objection was accompanied with an offer to prove the fact by the village clerk, and it was thereupon admitted that the clerk would so testify, and that in fact it never was published. It was further stipulated that the sidewalk was constructed after the passage of the first ordinance but before the adoption of the last, a copy of which was attached to the clerk's report. Counsel for the defendant then offered in evidence certified copies of certain proceedings under the old ordinance, but the court sustained an objection to the evidence. All objections to the application for judgment were then overruled, and judgment entered against appellant's property for the amount of special tax assessed against it.

There can be no question as to the fact that the tax sought to be collected was levied under the ordinance passed after the improvement was completed. The clerk's report upon which the application was based shows that fact. The question then is, can a special tax be levied and collected, under the above cited statute, to pay for a sidewalk by virtue of an ordinance adopted after the walk has been built.

Counsel insists that the last ordinance is but a supplement to the first, and says the inquiry is, "If a municipality blunder, through some one of its officers, in the passage of an ordinance or the posting of notices thereof, is it possible for it to correct its error." The answer to that inquiry must depend upon the nature of the "blunder," and the manner in which the authorities attempt to correct it. Here the effect of the mistake was precisely the same as though no attempt had been made to pass an ordinance. In fact none was legally passed, and the effort is to correct that mistake by passing one long

after the work had been completed. If the judgment in this case can be sustained, we perceive no reason why municipal authorities may not in every case levy a special tax to pay for sidewalks built before the passage of the required ordinance. All that could be said as to such an attempt would, as a rule, be, that the authorities had blundered in the proceeding. We have several times held that in a proceeding to build a local improvement by special assessment or taxation under article 9 of the City and Village act, a valid ordinance must first be passed as the basis of each subsequent step in the proceeding. (*City of Carlyle* v. *County of Clinton*, 140 Ill. 512, and cases cited.) The statute under which this tax was attempted to be levied provides: "That in addition to the mode now authorized by law, any city or incorporated town or village may, *by ordinance*, provide for the construction of sidewalks therein, * * * and may, *by such ordinance*, provide for the payment of the whole or any part of the cost thereof by special taxation." Hence, as in cases under article 9, *supra*, the power can only be exercised by ordinance, the cases cited are directly in point.

Under the statute here relied upon as authority for levying a special tax, an additional reason for requiring the ordinance to be passed and duly posted before the work is done is found in the second section. It is there provided that the owners of lots may be required (as was attempted to be done by the ordinance of December, 1892,) to construct the walk in front of their lots, "in accordance with the specifications of said ordinance, within thirty days after such publication, and in default thereof said material to be furnished and sidewalk to be constructed by said city, town or village, and the cost, or such part thereof as may be fixed in said ordinance, may be collected from the respective owners of said lots or parcels of land, as hereinafter provided." It requires no argument to show that effect can only be given to this provision of the

statute by requiring the adoption of an ordinance to precede the construction of the walk.

If, as seems to be insisted, the tax in question should be sustained to relieve the village of embarrassment growing out of the situation, no good reason can be shown why the former levy should not have been sustained on the same ground. True, the ordinance under which it was assessed was never posted, as required by law; but if the court can now relieve the municipality of the necessity of adopting the required ordinance before the improvement is made, why not dispense with the necessity of publication under that levy? In that case there was a failure to post the ordinance before the walk was built. In this there was not only a failure to post, but to pass, the ordinance until long after the work had been done. To pass an ordinance and publish it after the improvement was completed served no purpose whatever. The question in all such cases is not one of convenience or hardship, but of power. Courts are clothed with no discretion in upholding or setting aside levies of special taxes. The levy and its collection can only be made by virtue of the statute, and in the mode therein provided. Here its plain requirements have been ignored, and the tax is therefore void. If the proceeding had been under article 9 of the City and Village act, and this had been an attempt to make a re-assessment to pay for the work already done, very different questions would be presented. By the statute under which this levy is attempted to be made, no re-assessment is provided for. There is no provision for letting the contract and confining the contractor to the assessment for payment, and, as above stated, the lot owner is entitled to have the opportunity to relieve his property of the tax by building the walk himself.

We entertain no doubt that the county court erred in overruling appellant's objections and entering judgment against his property.

*Judgment reversed.*