NELS JOHNSON *et al.*

*v.*

THE PEOPLE *ex rel.* Raymond, County Collector.

*Opinion filed February 20, 1901.*

1. SPECIAL ASSESSMENTS—*confirmation judgment cannot be collaterally attacked except for jurisdictional matters.* A judgment confirming a special assessment cannot be collaterally attacked except for matters going to the jurisdiction of the court to render judgment.

2. SAME—*failure of ordinance to fully describe "flat stones" does not render it void.* Failure of an improvement ordinance to describe the quality and dimensions of the "flat stones" upon which the curb is to be bedded does not render the ordinance void, and hence can not be successfully interposed as a defense to an application for judgment of sale for a delinquent installment.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

IVES, MASON & WYMAN, for appellants.

CHARLES M. WALKER, Corporation Counsel, ARMAND F. TEEFY, and WILLIAM M. PINDELL, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment for sale of certain real estate entered by the county court of Cook county upon the application of the county treasurer and *ex officio*

collector of said county. Application was made to the July term, 1899, of said court for judgment for the sale of the lands of appellants for the non-payment of the second installment of a special assessment levied against said lands by authority of the city of Chicago to pay for the paving of West Eighteenth street, in said city, from California avenue to Western avenue. Appellants appeared and filed objections to said application, upon the ground that the ordinance upon which the special assessment was based did not sufficiently describe the nature, character, locality and description of the proposed improvement, in that it did not specify the quality and dimensions of the *flat stones* upon which the curb-stones were to rest. The court overruled the objection and entered judgment.

A judgment of confirmation of a special assessment cannot be collaterally attacked except for matters going to the jurisdiction of the court to render the judgment. (*Steenberg* v. *People*, 164 Ill. 478; *People* v. *Lingle*, 165 id. 65; *Walker* v. *People*, 169 id. 473; *Gross* v. *People*, 172 id. 571; *Foster* v. *City of Alton*, 173 id. 587; *Blount* v. *People*, 188 id. 538.) In *Walker* v. *People, supra*, we say (p. 474): "It is not a defense to an application for judgment on a delinquent list to say that the ordinance was invalid because it failed to state the nature, character, locality and description of the improvement, unless the failure to comply with the requirement of the statute in that regard is such as to render the ordinance absolutely void." The ordinance in this case, though defective, is not void. (*Rich* v. *City of Chicago*, 187 Ill. 396.) The court had jurisdiction to render the judgment of confirmation, and the same is binding upon the appellants and cannot be questioned by them in this proceeding.

The judgment of the county court is affirmed.

*Judgment affirmed.*