THE PEOPLE *ex rel.* Walter B. Merriman, County Treasurer,
*v.*
THE ILLINOIS CENTRAL RAILROAD COMPANY.

*Opinion filed December 22, 1904—Rehearing denied Feb. 9, 1905.*

1. SPECIAL ASSESSMENTS—*confirmation judgment can be collaterally attacked only for want of jurisdiction.* A judgment confirming a special assessment can be attacked, upon an application for judgment of sale, only for want of jurisdiction apparent from the face of the record.

2. SAME—*when court has jurisdiction though the real owner received no notice.* If a special assessment notice is sent to the person shown by the collector's books to have paid the taxes upon the property during the last preceding year the county court has jurisdiction to confirm the assessment against the property, and its judgment cannot be collaterally attacked upon the ground the real owner received no notice.

APPEAL from the County Court of Lee county; the Hon. ROBERT H. SCOTT, Judge, presiding.

CHARLES H. WOOSTER, State's Attorney, HARRY EDWARDS, and JOHN S. DORNBLASER, for appellant.

WILLIAM BARGE, (J. M. DICKINSON, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the county court of Lee county sustaining objections to an application for judgment and order of sale for a delinquent special sewer assessment of the city of Dixon against certain lands of the appellee, described as the southerly ninety feet of the block west of the Illinois Central railroad, in said city.

The appellee acquired title to the land in 1852 and has remained the owner since that time. In 1902 the city of Dixon sought to levy a special assessment against this and other property for the construction of a sewer. A commissioner was duly appointed to spread the assessment, and he

filed his assessment roll, together with an affidavit of the posting and mailing of notices, as provided by statute. Under sections 18 and 22 of its charter appellee pays into the State treasury a certain per cent of its gross income in lieu of general taxes, and for this reason the premises in question did not appear upon the tax book in its name, but for some reason, unexplained by this record, the property did appear on the tax book in the name of O. B. Dodge, and was so assessed from 1897 to 1902, inclusive, and he, Dodge, paid the taxes assessed thereon for those years. The commissioner entered the property on the roll in the name of Dodge and mailed the notice to him. It is now contended by appellee that the assessment is illegal and void because the notice was sent to Dodge and not to the railroad company, and therefore it had no opportunity to appear in the county court and object to the assessment.

Section 41 of the Local Improvement act of 1901, (Hurd's Stat. 1903, p. 400,) after providing what the notice of the assessment shall contain, is as follows: "Such notices shall be sent by mail post-paid to each of the said persons paying the taxes on the respective parcels during the last preceding year in which taxes were paid. * * * An affidavit shall be filed before the final hearing showing a compliance with the requirements of this section, and also showing that the affiant * * * made a careful examination of the collector's books showing the payments of general taxes during the last preceding year in which the taxes were paid thereon, to ascertain the person or persons who last paid the taxes on said respective parcels, and a diligent search for their residences, and that the report correctly states the same as ascertained by the affiant; and said report and affidavit shall be conclusive evidence, for the purpose of said proceeding, of the correctness of the assessment roll in said particulars; but in case the said affidavit shall be found in any respect willfully false, the person making the same shall be deemed guilty of perjury," etc.

It appears from this clause that the commissioner is to ascertain the residence of "the persons paying the taxes on the respective parcels during the last preceding year in which taxes were paid," by an examination of the collector's books. If he examined those books and ascertained who paid the taxes during the preceding year, and sent the notice to that person, he fully complied with all the requirements of the statute, and his affidavit to this effect is conclusive evidence of the correctness of the roll in that particular. There is no claim that the commissioner did not act in perfect good faith in sending the notice to Dodge and there is no contention that the premises did not appear upon the collector's books in his name. It makes no difference that the real owner of the property did not receive the notice. The tax might have been paid by an entire stranger, or by a mortgagee, or by some person who had previously owned the land and at the time of payment had parted with the title. It makes no difference that the land may have been assessed in the name of Dodge by mistake. Full compliance with the statute gave the court the necessary jurisdiction over the property to subject it to the payment of the assessment. The judgment of confirmance was legal and valid and in strict conformity with the requirements of the statute.

We have always held that where a special assessment has been confirmed and application is made for judgment and order of sale upon delinquent installments, the validity of the assessment cannot be attacked except for matters going to the jurisdiction of the court to render the same, the application for judgment and order of sale being a collateral proceeding. (*Johnson* v. *People,* 189 Ill. 83; *Steenberg* v. *People,* 164 id. 478; *Gross* v. *People,* 172 id. 571; *Foster* v. *City of Alton,* 173 id. 587; *Glover* v. *People,* 188 id. 576.) We have also held that such want of jurisdiction in the county court must appear upon the face of the record itself, otherwise it cannot be taken advantage of. (*Young* v. *People,* 171 Ill. 299; *Dickey* v. *People,* 160 id. 633; *Casey*

213—24

v. *People,* 165 id. 49.) In this case the judgment of confirm-ance ·is regular upon its face, showing that every provision of the statute has been complied with and that the court had jurisdiction to confirm the roll. The objection urged by appel-lee does not appear upon the face of the record, but is made apparent from evidence *aliunde.* It is not even claimed that the authorities levying the assessment have been guilty of any fraud. The objection should have been overruled.

The judgment of the county court is reversed and the cause remanded, with directions to render judgment for the delinquent assessment, together with an order of sale of the premises.

*Reversed and remanded, with directions.*