THE PEOPLE ex rel. S. T. Carmody, County Collector, Appellee, vs. M. D. CHERRY et al. Appellants.

*Opinion filed December 17, 1912.*

1. SPECIAL TAXATION—*requirements of statute must be strictly followed.* In a proceeding for the collection of taxes, where the owner may be deprived of his property, the requirements of the statute must be strictly followed.

2. SAME—*notice to property owners to build a sidewalk should not be sent before ordinance is in force.* Where a sidewalk ordinance provides that it shall be in force "from and after its passage and publication," the thirty days' notice to property owners to build their walks should not be mailed until after the publication of the ordinance, even though the ordinance, in conformity with section 2 of the special Sidewalk act as amended in 1905, requires the property owners to build their walks within thirty days after the mailing of notice of the "passage" of the ordinance.

APPEAL from the County Court of Macoupin county; the Hon. TRUMAN A. SNELL, Judge, presiding.

RINAKER & RINAKER, for appellants.

JAMES H. MURPHY, State's Attorney, and FRANK G. WOOD, City Attorney, (EDWARD C. KNOTTS, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Macoupin county, entered on application of the county collector, for the sale of certain lots for failure to pay a special sidewalk tax.

The city council of the city of Girard, in said county, passed an ordinance in August, 1911, for building a cement sidewalk in front of the property here in question. Section 3 of the ordinance provided that the owners could relieve their property from the special tax provided to be levied for construction of the sidewalk, by constructing the

same "within the space of thirty days after the mailing of
notice by the city clerk of the passage of such ordinance,"
etc. Section 7 of the ordinance provided that it should be
"in force from and after its passage and publication," etc.
The ordinance was signed by the mayor August 4, 1911.
The proof shows that it was published August 10, 1911,
and that the city clerk on August 8, 1911, mailed the only
notice given to construct the sidewalk in question, this no-
tice being dated August 5, 1911, and stating that August 4,
1911, the city council passed a certain ordinance (de-
scribing it) for the building of the sidewalk, and that the
owners would have thirty days after the mailing of this
notice for the construction of said walk. The walk was not
constructed by the property owners and thereafter the city
constructed it. This judgment was entered on the failure
of the respective property owners to pay the special tax
for the construction of said cement sidewalk, as provided
by said ordinance.

The only question that we find it necessary to decide
is whether the notice sent out by the city clerk to the prop-
erty owners complied with the ordinance and with the
provisions of the special Sidewalk act of 1875. That act
previous to an amendment in 1905 did not require a notice
to be mailed to the owners of property. The only require-
ment then was under section 2, that said ordinance "shall
be published as required by law for other ordinances for
such city, town or village, and may require all owners of
lots or parcels of land * * * to construct a sidewalk in
front of their respective lots * * * within thirty days
after such publication," etc. (1 Starr & Cur. Stat. 1896,—
2d ed.—p. 858.) This section was amended in 1905 so as
to read: "Said ordinance may require all owners of lots
or parcels of land * * * to construct a sidewalk in
front of their respective lots or parcels of land * * *
within thirty days after the mailing of notice of the pas-
sage of such ordinance, addressed to the party who paid

the last general taxes on the respective lots or parcels," etc. (Hurd's Stat. 1911, p. 341.) There appears to be no provision in the statute, as amended, with reference to the publication of the ordinance, as formerly required. Section 7 of this ordinance, however, required that it should only be in force "from and after its publication." This court has held, (*Hoover* v. *People*, 171 Ill. 182,) in construing the statute as it read before amended, in 1905: "Though it was not necessary the city should have provided that such notices should be given, yet having done so, and having specially declared that the lot owner should be put in default only by failing to observe such notices, it became indispensable to the imposition of a special tax under the ordinance it should appear the notices had been given as required by the ordinance, and that the walk was constructed by the city after the time had expired within which the property owner was required to build the walk under the notices." The reasoning of this court in that case was quoted with approval in *Marshall* v. *People*, 219 Ill. 99.

It is a general rule that in a proceeding for the collection of taxes, where the owner may be deprived of his property, the requirements of the statute must be strictly followed. (*McChesney* v. *People*, 148 Ill. 221; *McCraney* v. *Glos*, 222 id. 628; *Vennum* v. *People*, 188 id. 158.) Manifestly, by its own provisions the ordinance was not in force until after it was published, August 10, 1911. The notice was dated August 5, 1911, and was mailed August 8, 1911, two days before the ordinance was in force. The provision of the statute as now amended clearly means that the thirty days' notice shall not be mailed until after the "passage of such ordinance." This ordinance, in compliance with that provision, provided specifically that there should be thirty days' notice of the passage of the ordinance. It would defeat the very purpose of the notice required by the statute if the thirty days' notice could be mailed to the owner of

the lot before the ordinance was actually in force. The plain provisions of the act were ignored and the tax must be held void. *Weld* v. *People,* 149 Ill. 257; *People* v. *Patton,* 223 id. 379.

The judgment of the county court must be reversed and the cause remanded, with directions to sustain the objections of appellants.

*Reversed and remanded, with directions.*