(No. 15221.—Reversed and remanded.)
ISADOR SPRINGER, Appellee, vs. THE CITY OF CHICAGO
et al. Appellants.

*Opinion filed April 18, 1923—Rehearing denied June 7, 1923.*

1. SPECIAL ASSESSMENTS—*when county court has jurisdiction although owner did not receive notice—collateral attack.* Where the affidavit required by section 41 of the Local Improvement act shows compliance with the statute in regard to the giving of notice of the confirmation proceeding, the county court has jurisdiction although the owner did not, in fact, receive any notice, and the judgment of confirmation is not open to attack upon application for judgment and order of sale nor in any collateral proceeding in equity, in the absence of fraud rendering the assessment unjust. (*Wood* v. *City of Peoria,* 271 Ill. 173, distinguished.)

2. SAME—*want of notice of meeting to hear objections must be raised in proceeding for confirmation.* A property owner's objection that he had no notice of the meeting to hear objections to the improvement is one which is available on the application for confirmation of the assessment, and not having been then presented is not available for collateral attack on that judgment in the proceeding for judgment and order of sale for delinquent assessments.

3. SAME—*improvement ordinance must be construed according to language used.* An improvement ordinance must be taken to mean what its language indicates, and express language cannot be controlled by averment of a contrary meaning.

4. SAME—*confirmation of assessment does not authorize taking of property without compensation.* The confirmation of a special assessment for a local improvement does not authorize the taking or damaging of any land without compensation, but the fact that the city has proceeded to take or damage property in constructing the improvement does not render the assessment void or affect it in any way.

5. SAME—*the owner whose property is taken or damaged without compensation is entitled to injunction.* Where a city or other corporation takes or damages property without compensation the owner is entitled to recover damages for the trespass or to maintain ejectment for the possession, but he is not limited to these remedies, and without regard to the existence of legal remedies, irreparable injury or other equitable considerations he is entitled to an injunction against the occupation of any part of his property without just compensation.

APPEAL from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, and ROBERT E. CROWE, State's Attorney, (GEORGE A. CURRAN, HARRY A. TIFFANY, and ADOLPH A. C. MAYER, of counsel,) for appellants.

WILLIAM T. PRIDMORE, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The city council of the city of Chicago passed an ordinance on April 4, 1917, for the construction of a brick sewer of cylindrical shape, having an internal diameter of two and one-half feet, in Indiana avenue along a line 47 feet west of and parallel with the east line thereof, from and connecting with the sewer in East Eighty-ninth street to the center line of East Eighty-seventh street. A petition was filed in the county court for the levy of a special assessment, and on August 1, 1917, a special assessment was confirmed against lot 11 of a certain subdivision of a part of section 3 for $501.30. The sewer was constructed and is in operation, a part of it being located in the west five feet of lot 11. On November 7, 1919, a judgment and order of sale were entered against lot 11 for delinquent installments of the assessment. The lot belonged to Isador Springer. He filed a bill in the circuit court of·Cook county against the city of Chicago and the collector of Cook county to have the assessment declared void, its collection enjoined and the city ejected from the part of lot 11 which it was occupying with the sewer. The bill was afterward amended, the defendants answered the amended bill denying the allegations material to the relief prayed, the cause was heard and a decree was rendered enjoining the collection of the assessment and the maintenance and operation of the sewer through lot 11. The defendants appealed.

The amended bill alleged that the city of Chicago ousted the complainant without due process of law and took possession of a substantial portion of lot 11 and damaged other parts of it and appropriated said real estate to the public use without first making just compensation therefor; that said real estate was necessarily taken or damaged in completing the sewer; that the descriptive words in the ordinance, "Indiana avenue from East Eighty-ninth street to East Eighty-seventh street," were intended to include as a part of Indiana avenue the west 50 feet of lot 11 and were so interpreted by the board of local improvements and its engineer; that any other interpretation of the description used in the ordinance would make the ordinance void for uncertainty in describing and locating the sewer. The amended bill further alleged that no notice was sent by mail directed to the person who paid the general taxes for the last preceding year (1915) on lot 11, stating the time and place of the public hearing on the proposed public improvement; that the complainant was the person who paid the general taxes for the last preceding year (1915) on lot 11, and had he learned of the holding of the public hearing he would have appeared and protested against the improvement as being unnecessary and not beneficial to lot 11 for many years in the future, and would have called the attention of the board of local improvements to the necessity of taking and damaging a substantial part of lot 11 to complete the sewer as proposed and to the omission from the resolution of the description of that part of lot 11 necessary to be taken or damaged. It was further alleged that the omission of the description of that portion of lot 11 which it was necessary to take or damage to complete the proposed improvement from the first resolution of the board and from the resolution of the board adhering to the first resolution is a substantial variance from the requirements of the statute and is such a variance as to deprive the board of any authority to proceed further with the proposed im-

provement and that any such proceedings are null and void; that the ordinance passed by the city council does not describe that portion of lot 11 which it was necessary to take or damage to complete the improvement, and that this omission is a substantial variance from the requirements of the statute, such as to make the ordinance and all proceedings under it null and void. It was further alleged that no notice was ever sent to the complainant advising him of the pendency of the special assessment proceedings in the county court and no summons was ever sued out against him; that he had no knowledge whatever of the special assessment proceedings until many months after the judgment of confirmation had been entered, and had he known he would have appeared and resisted them; that the assessment against lot 11 is unjust and inequitable; that the complainant's property has been arbitrarily taken from him without due process of law; that the judgment of sale entered against his property on November 7, 1919, was entered and the court had adjourned for the term before the complainant had notice of the application for judgment of sale, which he would have resisted had he had such notice; that at no time during the construction of the sewer did the complainant learn of it or have any notice that it would occupy any part of lot 11, and immediately upon discovering that the city was occupying his property he demanded reimbursement; that the city is occupying the west five feet of lot 11 and is a trespasser.

Lot 11 is a five-acre tract which has never been subdivided, lying on the east side of Indiana avenue, on which it has a frontage of more than 300 feet. The west end of lot 11 projects 50 feet into Indiana avenue, which is 100 feet wide both north and south of lot 11 but only 50 feet wide in front of it. The ordinance required the sewer to be constructed 47 feet west of and parallel with the east line of Indiana avenue, and when the projection of lot 11 into Indiana avenue was reached the sewer was constructed

across the west five feet of the lot. This portion of the lot was not described either in the resolution of the board of local improvements or in the ordinance, and no reference was made in either to the taking or damaging of private property for the improvement, no compensation was made for it and no attempt was made to ascertain such compensation.

While the bill alleges that the complainant was the person who paid the general taxes on the lot for the last preceding year (1915) and that no notice of the time and place of the public hearing was sent by mail directed to the person who paid the general taxes for the last preceding year, the entire record of the proceeding for levying the assessment was introduced in evidence, from which it appears that the affidavit required by section 41 of the Local Improvement act, showing compliance with the requirements of that section in regard to notice and in other respects, was filed and was in entire conformity with the section. This section requires notice by mail to the person paying the taxes for the last preceding year in which taxes were paid, at his residence as shown in the assessment roll, or if not shown, then directed generally to the city, village or town in which the improvement is proposed to be made. The assessment roll shows the name and residence of the person paying the taxes during the last preceding year as "S. Springer, 431 S. Dearborn St.," and there is no evidence that they did not so appear in the collector's book, which section 41 requires the person making the affidavit to examine to ascertain who last paid the taxes. The full compliance with the statute shown by the affidavit gave the county court jurisdiction of the property to confirm the assessment, even though the appellee, the owner, did not receive any notice. (*People* v. *Illinois Central Railroad Co.* 213 Ill. 367; *Napieralski* v. *West Chicago Park Comrs.* 260 id. 628.) Since the county court had jurisdiction of the proceeding for the levy of the assessment, the validity of

its judgment of confirmation was not open to attack upon the application for judgment and order of sale for delinquent assessments, such application being a collateral proceeding. *People* v. *Illinois Central Railroad Co. supra; Steenberg* v. *People,* 164 Ill. 478; *Gross* v. *People,* 172 id. 571; *Johnson* v. *People,* 189 id. 83; *People* v. *Culver,* 281 id. 401; *People* v. *Omen,* 290 id. 59.

The objection that there was no notice of the meeting to hear objections to the improvement is one which was available to the appellee on the application for confirmation of the assessment, and not having been then presented was not available for collateral attack on that judgment in the proceeding for a judgment of sale for delinquent assessments. (*Pipher* v. *People,* 183 Ill. 436; *Leitch* v. *People,* id. 569; *Perisho* v. *People,* 185 id. 334; *People* v. *Talmadge,* 194 id. 67.) Section 66 of the Local Improvement act expressly provides that upon the application for judgment of sale for the assessment or installments thereof, "no defense or objection shall be made or heard which might have been interposed in the proceeding for the making of such assessment, or the application for the confirmation thereof, and no errors in the proceeding to confirm not affecting the power of the court to entertain and consider the petition therefor, shall be deemed a defense to the application herein provided for."

The appellee's right to relief is based first on the proposition that the ordinance is void because no notice of the meeting to hear objections after the passage of the first resolution was given; but that was an objection not affecting the power of the court to entertain the petition, and it could have been interposed to the application for confirmation.

Then it is claimed that the omission from the resolution for the improvement, and from the ordinance, of the description of the portion of lot 11 which it was necessary to take or damage to complete the improvement was such a variance from the requirements of the statute as to make

the ordinance and all proceedings based on it null and void. This claim assumes that it was necessary to take or damage some part of lot II to complete the improvement, while the language required the sewer to be constructed wholly in Indiana avenue. True, the bill alleges that the words "Indiana avenue from East Eighty-ninth street to East Eighty-seventh street" were intended to include as a part of Indiana avenue the west 50 feet of lot II and were so interpreted by the board of local improvements and its engineer. Express language cannot be controlled by averment of a contrary meaning, and the ordinance must be taken to mean what its language indicates.

Then it is contended that the judgment of confirmation is void because no notice of the pendency of the proceeding was sent to the appellee or summons issued for him. Since the ordinance did not provide for an improvement which required the taking or damaging of property the petition could not describe any lot or parcel of land to be taken or damaged, as required by section 14 of the Local Improvement act in cases where the improvement provided for requires the taking or damaging of property, and no summons as required by section 20 in such cases was necessary for the appellee. The only notice necessary to be given in such cases was that provided for by section 41, and there is no allegation that this section was not fully complied with. The averment that no notice of the pendency of the special assessment proceeding was ever sent to the appellee is not such an allegation, for the statute only requires notice to the person who paid the taxes during the last preceding calendar year for which taxes were paid, as ascertained upon investigation by the officer making the return, the notice to be sent to such person at his residence if the same can on diligent inquiry be found. The fact which appears from the record of the assessment proceeding that the notice was sent to another person than the appellee and to another address than the appellee's does not invalidate

the notice, for it is not inconsistent with a compliance with the statute. It is not averred and does not appear that the person making the affidavit required by section 41 did not make a careful examination of the collector's book showing the payment of general taxes for the last preceding year during which taxes were paid; that such collector's book did not show the payment of taxes by the person to whom notice was sent; that the place of residence of that person was not the place to which notice was sent; that diligent inquiry was not made for such place of residence or that on diligent inquiry it could have been found. Under such circumstances the judgment of confirmation is not subject to collateral attack, (*People* v. *Illinois Central Railroad Co. supra; Napieralski* v. *West Chicago Park Comrs. supra;*) though, as was said in *Wood* v. *City of Peoria,* 271 Ill. 173, that rule does not close every avenue of justice to an injured property owner or exclude a court of equity from granting relief where a court has assumed jurisdiction of a defendant on the strength of a false return of service of process by an officer, if the judgment is inequitable and unjust. The reason for overruling the demurrer to the bill for an injunction of the collection of the assessment in that case was that the affidavit of giving notice was equivalent to a false return of service because of the admitted fact that the complainant had resided upon her premises for more than twenty years, that it was the duty of the person making the assessment to examine the property in order to assess it, and that on diligent inquiry he could not have failed to learn that she lived there. There are no such circumstances in this case, where the property, so far as the record shows, was vacant and no facts inconsistent with the affidavit are shown. In that case, also, the bill alleged that the assessment was inequitable in that the property was arbitrarily subdivided, contrary to law. In this case, while the bill contains an allegation that the assessment is unjust and inequitable, this conclusion is not sustained by any allega-

tion of fact. It does not appear that the lot will not be benefited to the amount of the assessment, that it is assessed more than its just proportion of the cost, that it is subdivided, or that for any reason shown the assessment is not equitable. So far as the assessment is concerned, it is not subject to attack for any of the reasons alleged in the bill.

The confirmation of the assessment did not authorize the taking or damaging of any land. The city in constructing the sewer committed a trespass by entering upon the appellee's lot and using the west five feet of it for the sewer, and thereby he has been deprived of his property without due process of law and his property has been taken and damaged for public use without compensation. This fact did not render the assessment void or affect it. The appellee is entitled to recover damages for the trespass or to maintain ejectment for the possession, but he is not limited to these remedies. Injunction is a proper remedy of the owner when an unlawful appropriation of his land is attempted for the use of a public corporation which has not acquired the right of such appropriation by condemnation or otherwise. In such cases courts of equity act upon broader principles than in ordinary cases and have granted equitable relief without regard to the existence of legal remedies, irreparable injury or other equitable considerations. Public corporations vested with the power of eminent domain may be enjoined from the misuse of the sovereign power which has been delegated to them by the legislature when they attempt wrongfully to appropriate private property. *Gulf Lines Connecting Railroad* v. *Golconda Northern Railway,* 290 Ill. 384; *Caldwell* v. *Commissioners of Highways,* 249 id. 366; *Lowery* v. *City of Pekin,* 186 id. 387; *Cobb* v. *Illinois and St. Louis Railroad and Coal Co.* 68 id. 233; *Shute* v. *Chicago and Milwaukee Railroad Co.* 26 id. 436.

The appellee is entitled to an injunction against the continuance of the sewer upon his premises and the occupation of any part of them by this improvement without just

compensation. To avoid public inconvenience a reasonable time should be allowed the city to agree with the appellee upon the amount of the compensation to be paid or to condemn the property.

The decree will be reversed and the cause remanded, with directions to dismiss the bill as to the county collector and to enter a decree that unless the city shall within sixty days from the date of the decree agree with the appellee upon the amount of the compensation to be paid and shall pay it, or shall begin a proceeding to condemn the appellee's property in which the improvement is constructed and upon final judgment shall pay the amount of compensation fixed without delay, a perpetual injunction will be decreed against the city's occupying or using the property.

*Reversed and remanded, with directions.*

---

(No. 15272.—Reversed and remanded.)
HUGO F. ARNOLD, Trustee, Appellee, *vs.* EMILY ARNOLD
*et al.*—(HERMAN ARNOLD, Appellant.)

*Opinion filed April 18, 1923—Rehearing denied June 14, 1923.*