(No. 17086.—Reversed and remanded.)
THE PEOPLE ex rel. George Walter Clark, County Collector,
Appellant, vs. W. A. SMITH et al. Appellees.

*Opinion filed December 16, 1925.*

SPECIAL ASSESSMENTS—*objection that city had contracted to pay
for paving cannot be raised in collector's proceeding.* An objec-
tion to a paving assessment that the city, in purchasing the tract
of land occupied by the street, had agreed to pay the cost of pav-
ing is an objection that should be raised in the proceeding for
confirmation of the assessment and cannot be raised on application
by the county collector for judgment for delinquent assessments.

APPEAL from the County Court of Jefferson county; the
Hon. A. G. ABNEY, Judge, presiding.

JOE FRANK ALLEN, State's Attorney, (E. M. PEAVLER,
and GEORGE G. GILBERT, JR., of counsel,) for appellant.

WILLIAM H. GREEN, and ALBERT WATSON, for ap-
pellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal by appellant from a judgment of the
county court of Jefferson county sustaining objections of
appellees to an application of appellant for a judgment and
order of sale of appellees' respective properties for delin-
quent installments of a special assessment levied under a
previous judgment of confirmation rendered in proceedings
had in the circuit court of Jefferson county for the levying
of a special assessment to pay the cost of the local improve-
ment of a portion of Broadway street and a portion of
Third street in the city of Mt. Vernon, in said county. It
was stipulated by the parties that all the steps required by
law to be taken by appellant preliminary to and including
the application for the judgment and order of sale of the
real estate of the objectors for delinquent taxes, special as-

sessments, costs and penalties had in all respects been legally and properly taken by him and that the proceedings were in all respects legal and sufficient. It was further stipulated that all of the proceedings and steps required by law to be taken by the city of Mt. Vernon in and about the levy of the first installment, only, of a special assessment to pay the cost of the local improvement, by and through which proceeding the property of the objectors was assessed and the proportionate shares of the benefits thereof, were in all respects properly and legally taken and that all of said proceedings were in all respects legal and sufficient. Appellees filed objections to said application, and set up as the basis therefor that a certain contract had been made between the city of Mt. Vernon and Joseph C. Dawson, a predecessor in title of the objectors, whereby, as a part of the consideration for the purchase of a strip of ground by the city to be used as an extension of Broadway street, in said city, the city had agreed to pay the cost of paving the strip, upon which their lands abut.

In the year 1913 the residence property of Joseph C. Dawson, in Mt. Vernon, 100 feet in width from east to west, extended from Main street on the north to Jordan street on the south. West of this property Broadway lay between Main and Jordan streets, and the city authorities decided to open Broadway eastwardly through this and other properties to Third street. An agreement was made with Dawson by the terms of which he was to convey a 60-foot strip through his ground and the city was to pay him $200 in money and was to pave the street across his premises. The paving was to be like other paving on Broadway, and he was to remove his buildings from the conveyed strip and build sidewalks on both sides of the street the entire length of the conveyed strip. A memorandum of this agreement was prepared by the city attorney and signed by Dawson, only. Dawson executed a deed to the city, and the street was opened and has remained open since that time. At the

319—19

time of the opening of the street the city contemplated the paving of the street, but that project was abandoned until 1924, when proceedings to pave the same by special assessment were instituted.

By paragraph 770 of chapter 24 of Smith's Statutes it is provided that upon the application of the county treasurer for judgment and order of sale of property for delinquent installments of special assessments or special taxes levied under the Local Improvement act, "no defense or objection shall be made or heard which might have been interposed in the proceeding, for the making of such assessment, or the application for the confirmation thereof, and no errors in the proceeding to confirm not affecting the power of the court to entertain and consider the petition therefor, shall be deemed a defense to the application herein provided for." The defense sought to be interposed in this case was one which could have been interposed, if at all, in the circuit court to the confirmation of the levying of the assessment against the properties in question. The levy of the assessment having been confirmed by the circuit court, the validity of its judgment of confirmation was not open to the present attack upon application for a judgment and order of sale for delinquent assessments, such application being a collateral proceeding. (*Springer* v. *City of Chicago,* 308 Ill. 356.) The objections urged to the judgment and order for sale did not affect the power of the court to entertain and consider the petition therefor and were not a proper defense to the application for such judgment.

The county court erred in sustaining the appellees' objections.

The judgment of the county court is reversed and the cause is remanded, with directions to the county court of Jefferson county to overrule the appellees' objections.

*Reversed and remanded, with directions.*