(No. 19154.—

THE PEOPLE *ex rel.* Wallie E. Akin, County Collector, Appellee, *vs.* M. M. CURTIS *et al.* Appellants.

*Opinion filed October 19, 1929.*

GEORGE W. DOWELL, (L. A. CRANSTON, of counsel,) for appellants.

ROY C. MARTIN, State's Attorney, (GEORGE E. DODD, of counsel,) for appellee.

Mr. JUSTICE DIETZ delivered the opinion of the court:

The appellee is the county collector of Franklin county. Application was made by him at the June, 1927, term of the county court of that county for judgment to sell certain real estate of the appellants to pay delinquent special assessments levied for a local improvement. By leave of court the appellants filed written objections to the application on June 6, 1927, and amended objections on June 8 following. Apparently judgment on the application had been previously entered, because the record for June 13, 1927, recites that "all judgment for taxes and assessments against said property heretofore entered be set aside." Thereafter a hearing was had on the objections, as the result of which they were overruled and a judgment and order for sale were entered. Frcm this judgment and order the appellants have taken an appeal to this court.

The appellants contend (1) that the court erred in overruling their objections to the application, and (2) that the evidence is insufficient to sustain the judgment. They urge as grounds for such objections that the court confirming the special assessments was without jurisdiction of the persons of the objectors and that the assessments against their property are inequitable and unjust. Testimony was offered by the objectors to the effect that they did not receive notice of the special assessment proceedings. It appears from the evidence that the affidavit prescribed by section 41 of the Local Improvement act showing compliance with the requirements of that section in regard to notice and in other respects was filed in entire conformity with the statute. This was a sufficient showing to give the court jurisdiction of the property to confirm the assessment even though the appellants did not receive actual notice. (*Springer* v. *City of Chicago,* 308 Ill. 356; *People* v. *Illinois Central Railroad Co.* 213 id. 367; *Napieralski* v. *West Chicago Park Comrs.* 260 id. 628.) Under these circumstances the jurisdiction

of the court over the persons of the objectors in the special assessment proceedings was not open to attack upon the application for judgment and order of sale for the delinquent assessments. (*Springer* v. *City of Chicago, supra; People* v. *Illinois Central Railroad Co. supra; Johnson* v. *People,* 189 Ill. 83; *Steenberg* v. *People,* 164 id. 478.) The claim of the appellants that the assessments are inequitable and unjust might have been interposed in the proceedings for the making of such assessments and does not affect the power of the court to entertain and consider the petition therefor. Consequently it was not a defense to the application for judgment in this case. (Smith's Stat. 1927, chap. 24, par. 770; *Springer* v. *City of Chicago, supra; People* v. *Illinois Central Railroad Co. supra; Johnson* v. *People, supra.*) The objections of the appellants were properly overruled.

The final contention of the appellants is that the evidence is insufficient to sustain the judgment. The record does not purport to show all of the proceedings. The certificate of the clerk attached thereto recites that it is "a part of the record" in the cause and a transcript of "all proceedings had * * * at the said August term, A. D. 1927, of said court." However, the certificate of the judge recites that the bill of exceptions "contains all of the evidence offered and all of the evidence admitted and heard by the court upon the hearing of said application." The record contains no evidence showing that notice of the application for judgment was published or that a delinquent list was prepared, as required by law. (Smith's Stat. 1927, chap. 120, secs. 170, 176.) The evidence is therefore not sufficient to sustain the judgment. *People* v. *Glick,* 282 Ill. 198; *People* v. *Jones,* 277 id. 353.

For the above reason the judgment of the county court must be reversed and the cause remanded.

*Reversed and remanded.*