In re SPECIAL SIDEWALK TAX.—(JOHN W. YODER *et al.*, Objectors-Appellants, *v.* THE CITY OF BLOOMINGTON, Petitioner-Appellee.)

Fourth District   No. 15442

Opinion filed January 14, 1980.

David G. Seil, of Yoder and Yoder, and G. Michael Prall, of Zanoni, Flynn, McElvain & Prall, both of Bloomington, for appellants.

David L. Stanczak, Corporation Counsel, of Bloomington, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Objectors appeal from the order of the trial court which overruled and disallowed their objections to a special tax for sidewalk purposes and sustained the tax as valid and lawful.

By ordinance approved August 25, 1975, the municipality required the repair and construction of certain sidewalks to be paid as provided in sections 11—84—1 through 11—84—8 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, pars. 11—84—1 through 11—84—8).

Section 11—84—2 provides, in part:

> "The ordinance shall require all owners of lots, blocks, tracts, or parcels of land touching the line of a proposed sidewalk to construct or repair a sidewalk in front of or touching upon their respective lots, blocks, tracts, or parcels of land in accordance with the specifications of the ordinance, within 30 days after the mailing of notice of passage of the ordinance, addressed to the party who last paid the general taxes on the respective lots, blocks, tracts, or parcels." Ill. Rev. Stat. 1975, ch. 24, par. 11—84—2.

Section 11—84—3 authorizes a billing of the costs for the work and directs the preparation of a list of the parcels of the real estate touching the sidewalks and "the names of the parties who last paid the general taxes on the respective lots, blocks, tracts, or parcels * * *." Ill. Rev. Stat. 1975, ch. 24, par. 11—84—3.

The tax assessed for the sidewalk repairs associated with the commercial property of the objectors was approximately $2,000. The filed objections did not challenge the validity of the tax or of the proceedings incident to the adoption of the ordinance specifying the work done. The sum of the objection is that objectors did not receive the actual mailed notice of the passage of the ordinance and thus they were deprived of the "opportunity to construct or repair of the sidewalk" rather than permit the city to do so. Objectors asked that the entire assessment be declared void as to them and that the installment of tax paid be ordered to be refunded.

Objectors were grantees in a deed dated May 27, 1975, from a grantor identified as a "devisee * * * of Edna Ostrum, deceased." This deed was recorded on June 17, 1975. On June 16, 1975, an objector paid the 1974 real estate taxes by his business check.

Section 196 of the Revenue Act of 1939 (Ill. Rev. Stat. 1975, ch. 120, par. 677) made applicable in these proceedings through section 11—84—5 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 11—84—5) provides:

"Whenever any person pays the taxes charged on any property, the collector shall enter such payment in his book, and give a receipt therefor, specifying by whom paid (if other than the assessee and if so requested), the amount paid, what year paid for, and the property and value thereof on which the same was paid, according to its description in the collector's books, * * *. The collector shall enter, opposite each tract or lot of land, the name and post office address of the person paying tax if such person is other than the assessee and *has requested a receipt specifying by whom the tax was paid.*" (Emphasis added.)

It is not contended that the objector who paid the 1974 real estate tax in 1975 requested that the tax records show that payment was by a person other than the person in whose name the tax was assessed, *i.e.*, Edna Ostrum. As a result the tax payment was recorded "PD. BY ADDRESSEE" in the records of tax payments.

The parties stipulated that the notice of the passage of the ordinance was mailed on or about May 28, 1976. The trial court found that on the date of the mailing of the notice "Edna Ostrum, according to the records of the Treasurer of McLean County, was the person who last paid the general real estate taxes on the subject property." This finding of fact is not contested by the objectors.

The trial court further found that:

"In sending notice of passage of Ordinance No. 1975-94 to Edna Ostrum on or about May 28, 1976, the City of Bloomington complied with the requirements of Section 11—84—2 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, §11—84—2) which requires that notice of passage of special tax ordinance be sent to the person who last paid the general real estate taxes on the property subject to the tax."

Objectors first argue a denial of due process because they did not have actual personal notice of the passage of the ordinance mailed to them. We find a substantial number of supreme court cases which historically have held that compliance with the statutory notice provisions is sufficient to sustain the validity of a special tax assessment even though the taxpayer did not receive personal notice. In *People ex rel. Merriman v. Illinois Central R.R. Co.* (1904), 213 Ill. 367, 72 N.E. 1069, the railroad had held title for 50 years, but by reason of charter provisions did not pay local taxes. As to the particular property, notice of a special assessment was sent to another whose name did appear on the tax collector's book as

owner. The railroad contended that the special assessment was void because it had no opportunity to appear and contest the assessment.

The opinion states:

"It appears from this clause that the commissioner is to ascertain the residence of 'the persons paying the taxes on the respective parcels during the last preceding year in which taxes were paid,' by an examination of the collector's books. If he examined those books and ascertained who paid the taxes during the preceding year, and sent the notice to that person, he fully complied with all the requirements of the statute, and his affidavit to this effect is conclusive evidence of the correctness of the roll in that particular. There is no claim that the commissioner did not act in perfect good faith in sending the notice to Dodge and there is no contention that the premises did not appear upon the collector's books in his name. It makes no difference that the real owner of the property did not receive the notice. The tax might have been paid by an entire stranger, or by a mortgagee, or by some person who had previously owned the land and at the time of payment had parted with the title. It makes no difference that the land may have been assessed in the name of Dodge by mistake. Full compliance with the statute gave the court the necessary jurisdiction over the property to subject it to the payment of the assessment. The judgment of confirmance was legal and valid and in strict conformity with the requirements of the statute." 213 Ill. 367, 369, 72 N.E. 1069, 1069-70.

Such form of constructive notice was again sustained in *Gage v. City of Chicago* (1906), 225 Ill. 218, 80 N.E. 127. In *People ex rel. Akin v. Curtis* (1929), 336 Ill. 248, 249, 168 N.E. 263, special assessments were levied for a local improvement. The opinion states:

"Testimony was offered by the objectors to the effect that they did not receive notice of the special assessment proceedings. It appears from the evidence that the affidavit prescribed by section 41 of the Local Improvement act showing compliance with the requirements of that section in regard to notice and in other respects was filed in entire conformity with the statute. This was a sufficient showing to give the court jurisdiction of the property to confirm the assessment even though the appellants did not receive actual notice. [Citations.]" 336 Ill. 248, 249, 168 N.E. 263.

Again, in *Village of Oak Park v. Swigart* (1914), 262 Ill. 614, 618-19, 104 N.E. 1033, 1035, the court said:

"In this connection it is claimed that the order dismissing the petition was proper because five abutting lot owners did not receive any notice of the public hearing. It is not contended that

notices were not mailed as required by the statute. The statute does not require the board of local improvements to do more than to mail notices of the public hearing to the persons who made the last payment of taxes on the property abutting the improvement. If any of the property owners actually failed to receive notices it was not the fault of appellant, as it had complied with the statute in that regard."

Supportive of the opinions of the supreme court, section 235 of the Revenue Act of 1939 (Ill. Rev. Stat. 1975, ch. 120, par. 716), provides in pertinent part:

"[N]o assessment of property or charge for any of the taxes shall be considered illegal on account of * * * the property having been charged or listed in the assessment or tax list without name, or in any other name than that of the rightful owner; and no error or informality in the proceedings of any of the officers connected with the assessment, levying or collection of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof; * * *."

Objectors argue that the municipality should have searched for the conveyance to them through the grantor-grantee indices in the recorder's office. As the city points out, the grantor who conveyed to objectors was described as devisee of the person recorded as last paying the taxes. Thus "Edna Ostrum" would not be shown on the indices as a grantor. Objectors' argument would create a requirement that there be a form of title search for the ownership of each parcel of land affected by the ordinance. Neither the statute nor the supreme court authorities provide such requirement.

Objectors offered some evidence that the names of the objectors were probably listed on the assessor's roll prior to the time that notice of the passage of the ordinance was mailed to the land owners. The argument is subject to the same defects as that suggesting the requirement of a title search. Again, neither method would be in compliance with the statute. It is a failure to comply with the statute which makes a tax assessment illegal. *People ex rel. Carmody v. Cherry* (1912), 256 Ill. 582, 100 N.E. 287; *Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 373 N.E.2d 1332.

The judgment of the circuit court is affirmed.

CRAVEN and GREEN, JJ., concur.